■ MIKE KUNDLA, Respondent, v. HENRY SYMANS, Doing Business as SYMANS READY-MIX CONCRETE COMPANY, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff recovered judgment in the Chautauqua County Court on a trial without a jury. No findings of fact or conclusions of law were submitted by the parties, but the court made purported findings of fact and conclusions of law which were conclusory in character and completely inadequate. Proof on both sides was so incomplete and confused that it was impossible for the Trial Judge and, therefore, for this court intelligently to determine the rights of the parties. By no rational process or mathematics is

it possible from the evidence to arrive at the amount of the judgment which the court found for the plaintiff. In such a dilemma the issues presented cannot be resolved without a new trial in which both parties should present their proof in clear, convincing and understandable manner. Section 440 of the Civil Practice Act clearly directs that the Trial Court "must state the facts which it deems essential." It is, of course, unnecessary for the court to make a formal statement, which the court attempted to do here, but a finding in the form of a mere conclusion which is not supported by any finding of fact is clearly insufficient. The statement by this court in *Zaborowski* v. *Zaborowski* (256 App. Div. 1032) — "The findings in the decision are mere conclusions wholly lacking in fact to give them support. We, therefore, discover nothing in the decision upon which the judgment can be based. (*Davin* v. *Isman*, 228 N. Y. 1.) " is entirely applicable to the case at bar. The obligations of the Trial Judge and the powers of this court are well set forth in *Victor Catering Co.* v. *Nasca* (8 A D 2d 5). This appeal clearly falls within the statement on page 9 of that case: "There are many cases where a new trial should be granted because of complexity, confusion, the possibility of other proof, error, misconception on the part of the trial judge as to the burden of proof or for other appropriate reasons (*Baccialon* v. *Guerra*, 282 App. Div. 755)." (Also, see, 7 Carmody-Wait, New York Practice, pp. 10–13, §§ 7, 8.) All concur. (Appeal from a judgment of Chautauqua County Court awarding plaintiff judgment in an action to recover the balance alleged to be due for work, labor and services performed.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.