PATRICIA A. SAGER, Respondent, *v.* RALPH B. SAGER, Appellant.

Third Department, May 11, 1964.

*Robert J. Hines* for appellant.

*Edward P. Abbott* for respondent.

HERLIHY, J. The plaintiff wife and the defendant husband obtained an Alabama divorce, which decree confirmed and ratified an agreement between the parties which provided that the defendant was to have the custody of the two children with " reasonable rights of visitation " to the plaintiff.

In November, 1962 the plaintiff wife served a complaint in which she alleged that the defendant husband had violated the terms of the separation agreement by refusing to allow her visitation rights and praying, *inter alia,* that the custody of the children be decreed to her. The answer consisted of general denials and alleged defenses, to wit, that the wife " seldom attempted to exercise her rights of visitation " which caused undue confusion and further, that the wife's visits upset the children, causing them to become emotionally disturbed, undermining the defendant's control of the children, and that the plaintiff left them unattended or with relatives. The answer further contained a counterclaim which alleged that the plaintiff was unfit to have the care and custody of the children and that their interests would be best served by denying the said plaintiff all visitation rights.

The defendant, on this appeal, contends that neither the Supreme Court nor the Family Court, to which the case was referred for determination, had jurisdiction of the subject matter.

At no time did the defendant address any motion to the sufficiency of the complaint, and, with the serving of the answer and

the pleadings in that posture, the Supreme Court by order, based upon a stipulation, transferred and referred the action to the Family Court for disposition. True, the complaint was incorrectly framed but the Supreme Court, with the consent and acquiescence of the defendant, who raised in his answer the issue of parental fitness, proceeded to handle the case no differently than if the proceedings had been correctly instituted by way of a petition in equity.

No question of jurisdiction was raised in the Family Court and considerable testimony was taken, after which, without objection, the court made the order which is the subject of this appeal. The order was signed October 25, 1963 after the effective date of the new Civil Practice Law and Rules (§ 2001, formerly Civ. Prac. Act, § 105), which we find applicable, and which reads as follows: "Mistakes, omissions, defects and irregularities. At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." (See, also, CPLR 3017, subd. [a].)

The defendant, in contesting the jurisdiction, relies upon *Finlay* v. *Finlay* (240 N. Y. 429 [1925]) but that factual situation was substantially different. There, the husband, a resident of Missouri, brought an action, not based on any matrimonial adjudication, praying for a decree granting to him custody of his children, living in New York with their mother, for a fixed period of the year. There was no question raised as to the welfare of the children and the sufficiency of the complaint was tested at the outset of the action by a proper motion. Of course, that presents a fundamental distinguishing feature. The question raised by *Finlay* did not involve basic jurisdiction, but only the sufficiency of the complaint.

In *Matter of Bachman* v. *Mejias* (1 N Y 2d 575, 581 [1956]) the court said: "It is the duty of the New York Supreme Court to determine the custody of minor children in this State and such determination is to be based solely on the welfare of the minors. The responsibility for the welfare of infants endows the court with the power to determine custody irrespective of the residence and domicile of the parents and prior custody orders in a foreign jurisdiction."

In the present circumstances, the Supreme Court, in our opinion, had jurisdiction.

The defendant further questions the authority of the Supreme Court to transfer and refer the action to the Family Court for determination.

By recent amendment (N. Y. Const., art. VI, § 13, subd. c), concurrent jurisdiction was conferred on the Family Court upon referral from the Supreme Court.*

As a sequel to this amendment, legislation was enacted. Section 651 of the Family Court Act provides in part that habeas corpus proceedings may be transferred from the Supreme Court to the Family Court and section 652 provides jurisdiction to determine custody in matrimonial actions upon referral from the Supreme Court. There is no specific provision in any of these implementing sections with reference to petitions in equity when not directly associated with matrimonial actions. This section would appear to be intended to grant jurisdiction in circumstances, such as here, where custody has been previously determined in a separation agreement and thereafter ratified in a foreign divorce decree. If such were not the intent of the Legislature, such limitation should be spelled out in subsequent legislation. The last sentence of section 652 provides: "Applications to modify judgments and orders of custody may be granted by the family court under this section only upon the showing to the family court that there has been a subsequent change of circumstances and that modification is required." There seems little room for dispute that the arbitrary action of the defendant husband in denying visitation rights to the plaintiff wife constituted a substantial change of circumstances within the contemplation of the constitutional amendment (*supra*, see underscored footnote) and the section of the Family Court Act.

We find it necessary, however, to reverse and remit the matter due to the court's failure to make factual findings or to set forth the facts it deemed essential (CPLR 4213, subd. [b], formerly in Civ. Prac. Act, § 440) and without which this court cannot properly review the basis for the decision. That there was a waiver of findings and conclusions of law does not dispense with the necessity of a decision. (*Mason* v. *Lory Dress Co.*, 277 App. Div. 660 and *Steel Co. of Southern Cal.* v. *Associated Metals & Mins. Corp.*, 277 App. Div. 687.) We do not determine the merits and, as it appears that there has

---

* "The family court shall also have jurisdiction to determine * * * habeas corpus proceedings for the determination of custody of minors; and in actions and proceedings for marital separation, divorce, annulment of marriage and dissolution of marriage, applications to fix temporary or permanent support and custody, or *applications to enforce judgments and orders of support and of custody, or applications to modify judgments and orders of support and of custody which may be granted only upon showing* to the family court *that there has been a subsequent change of circumstances and that modification is required.*" (Emphasis supplied.)

been a change in circumstances — remarriage of the plaintiff — the court on remittance may wish to reconsider its decision.

We would note that the probation report ordered by the Family Court has been considered by us in reaching our decision.

The order should be reversed on the law and the facts, and the matter remitted for proper findings, with leave to each party to adduce additional evidence, if so advised.

GIBSON, P. J., AULISI and HAMM, JJ., concur.

Order reversed, on the law and the facts, and matter remitted for proper findings with leave to each party to adduce additional evidence if so advised; without costs.