■ NUTONE INCORPORATED, Respondent, v. WILLIAM E. BOULEY CO., INC., et al., Appellants.— Case held, decision reserved and matter remitted to Monroe Trial Term for further proceedings in accordance with the following memorandum: In an action to enforce a mechanic's lien and for a money judgment issues were created which required factual determinations as to whether plaintiff has fully performed his obligation in accordance with the terms of a contract with the defendants, whether the terms of the contract were breached by plaintiff in submitting line drawings instead of shop drawings and whether changes in certain drawings were approved by the architect, all as is required by the contract. The trial court sustained plaintiff's mechanic's lien and entered judgment against defendants for $8,165.81. No findings of fact were made by the court. No decision, either oral or in writing, was made and, in fact, the parties were not afforded an opportunity to submit requests to find, as is required by CPLR 4213. We also note that even if the parties had waived all formal findings of fact, as well as their right to submit requests to find, any such waiver, if in fact there had been one, cannot be extended so as to dispense with the decision of the trial court stating the essential facts on which the judgment is

founded (*Driskell* v. *Alfano,* 12 A D 2d 973). CPLR 4213 mandates that the trial court render a decision either orally or in writing, which "shall state the facts it deems essential" and that when a judgment is unsupported by a decision it should be reversed and remitted for proper findings (*Matter of Harris* v. *Doley,* 22 A D 2d 769; *Conklin* v. *State of New York,* 22 A D 2d 481). It is needless to state that in a nonjury case an appropriate decision is necessary to insure a proper adjudication and a basis for an adequate review in the appellate courts. Since there is no way of knowing what ultimate facts the court found to support its conclusion, this is not a proper case for the exercise of our right to make findings (*Power* v. *Falk,* 15 A D 2d 216). (Appeal from judgment of Monroe Trial Term, in action on mechanic's lien.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.