■ THERESE R. FISCHER, Respondent, v. ERICH A. FISCHER, Appellant.— Judgment unanimously modified, on the law and facts, in accordance with memorandum and, as modified, affirmed, with costs, to plaintiff-respondent. Memorandum: The conclusions reached by the trial court find ample support in the record. However, the decision pertaining to the award of alimony, child support and the direction of other payments does not comply with the requirements of CPLR 4213 (subd. [b]) which provides that a court's decision may be either oral or in writing " and shall state the facts it deems essential ". While the statutory requirement does not mean that the court need set forth the evidentiary facts contained in the record, it should set forth those ultimate or essential facts relied upon in reaching its decision (*George* v. *George,* 34 A D 2d 888, 889). We conclude on this record that the ultimate facts in support of the conclusions reached by the trial court are not sufficiently stated. However, the record here reveals the existence of such facts and in the interest of saving judicial time and avoiding multiplicity of litigation we make the following findings which the Trial Justice should have made (*Good* v. *Good,* 37 A D 2d 682–683). The defendant's cash salary and bonus for the first four months ending April 30, 1973 was $5,000 or $15,000 yearly. Entertainment expense for the four months ending April 30, 1973 amounted to $1,465.70. For the nine months of 1972 entertainment expenses amounted to $4,576.52. A review of the reimbursable expense reports for the years 1972 and 1973 shows that only about one half of the claimed entertainment expenses for these years (as shown on Exhibits No. 16 and No. 17) was supported by some evidence that the funds were actually dispersed for this purpose. We find, therefore, that one half of the amount claimed for entertainment was available to the defendant for his own personal use, which amounted to $732.50 for the four months ending April 30, 1973 or $2,197.50 annually. Thus, the defendant had a total annual cash income of $17,197.50 ($15,000 salary and bonus plus $2,197.50 cash from entertainment expense). An examination of Exhibit No. 18 shows an estimate of monthly expenses for the wife in the amount of $890.50. We find that the needs for the wife and two children on a monthly basis are as follows: mortgage, $148; real estate taxes, $145; home owner's insurance, $7.50; utilities — including gas, electricity, telephone, water, sewer and air conditioning, $85; food, $175; clothing, $112.50; medical and dental (excluding medical insurance), $10; miscellaneous — drugs, dry cleaning, school expenses, home repairs, $75; all of which total $758 monthly, which annualized, comes to $9,096. Thus we find that the husband has sufficient income to permit payment of alimony to the plaintiff-wife in the sum of $125 per week ($6,500 annually) and $25 per week for each of the two infant children ($2,600 annually) or a total of $9,100. When these payments are deducted from the husband's salary of $17,197.50 annual income, he is left with income, before taxes, of $8,097.50. From this balance of income the husband is required to pay his first wife $20 a week ($1,040 annually) and his own personal living necessities which he claims total $92.50 weekly $4,810 annually). When these obligations which total $5,850 are met, the defendant is left with $2,247 before taxes. We conclude that the trial court further erred in "fragmenting" the directed payments in its judgment. We have written that it is preferable, with respect to

918

alimony, to direct periodic payments of a fixed and specified amount (*De Gasper* v. *De Gasper*, 31 A D 2d 886). Accordingly, we have reframed the judgment to provide lump sum payments by the defendant-husband to the wife in the amount of $125 per week for her support and alimony and $25 per week for the support and maintenance of each child of the marriage in lieu of the provisions contained in decretal paragraphs No. 4, No. 5 and No. 7 (except with respect to No. 7, the defendant is to pay the $424.80 arrearage provided for therein) of the judgment (*Weltz* v. *Weltz*, 35 A D 2d 208). (Appeal from judgment of Erie Trial Term in separation action.) Present — Marsh, P. J., Witmer, Moule, Cardamone and Simons, JJ.