■ In the Matter of JAMES J. THOMPSON, Respondent, v JOAN UNCZUR, Appellant.—Order unanimously affirmed, without costs. Memorandum: In this habeas corpus proceeding to determine the visitation rights of petitioner father James J. Thompson with respect to his two infant daughters, this appeal is taken by appellant Joan Thompson Unczur, the children's mother, from an order granting visitation rights. Appellant contends that Special Term abused its discretion, for the rights granted the father were not in the best interests of the children and were against the weight of the evidence. The record sufficiently supports the court's disposition and indicates that the court properly exercised its discretion. Appellant further argues that the order is defective, for it is not supported by findings of fact. Petitioner-respondent does not deny that there was a failure of compliance with CPLR 4213. Instead, he claims that the section "relates exclusively to a trial without a jury and is inapplicable to special proceedings in the nature of habeas corpus to determine the custody of minor children." We disagree. The section contains no express limitation to "actions" but applies in all terms where there is a "decision of the court". "[It] would apply to any adjudication by the Court rendered when it sits as a trier of fact" (4 Weinstein-Korn-Miller, NY Civ Prac, par 4213.08). We do not, however, find

that the failure of compliance with CPLR 4213 is fatal. Instances abound where appellate courts have remitted causes for findings of "essential" facts relied on by original court *(Nutone, Inc. v Bouley Co.,* 38 AD2d 670; *George v George,* 34 AD2d 888; *Matter of Harris v Doley,* 22 AD2d 769; *Sager v Sager,* 21 AD2d 183). Where the record is sufficiently complete, as in the instant case, the appellate court may make its own findings on the basis of the record *(Fischer v Fischer,* 45 AD2d 917). Not only will this avoid multiplicity of litigation, but is particularly advisable here by reason of the fact that the Special Term Justice is now deceased. We find, therefore, that the father is now a resident of Oklahoma where he obtained a decree of divorce providing for $100 for monthly child support and that in the decree he was "awarded liberal visitation privileges at reasonable times and hours". Prior to leaving New York for employment in Oklahoma the father gave the mother two thirds of a joint bank account. After locating in Oklahoma the father made numerous calls to the mother in an effort to effect a reconciliation and keep the family together. For the first few times he was permitted to speak to the children and thereafter the mother told him that he would never be permitted to speak to them again and that he was "dead and gone" so far as she and they were concerned and that they hated him. During all this time the father continued regularly to send the support for the children and gave them various gifts including articles of clothing. This was done notwithstanding the fact that the mother was employed as a school teacher earning $10,050 annually. The mother, on the other hand, offered proof which she contended showed the father to be unfit to see the children or have them visit him. The credibility of the witnesses was, of course, for Special Term's determination. It is clear from the record that Special Term believed that it was in the best interests of the children to permit the father to have the "liberal visitation privileges" which the decree of divorce granted him. It is noteworthy that Special Term provided for the posting of a $10,000 undertaking to insure the return of the children to the mother on the occasions of their visits to the father outside of the State of New York. Special Term properly determined this matter and its order is affirmed. (Appeal from order of Oneida Supreme Court—habeas corpus.) Present—Marsh, P. J., Moule, Simons and Goldman, JJ.