■ JOSEPH RAMIREZ, Respondent-Appellant, v ALBERT GOLDBERG, Indi-vidually and as a Partner of NATIONAL-TRONICS Co., et al., Appellants-Respondents.—In an action, *inter alia,* to declare plaintiff a partner in defendants' businesses and for an accounting and a money judgment, defendants appeal and plaintiff cross-appeals from a judgment of the Su-preme Court, Queens County, dated November 16, 1978, which determined, after a nonjury trial, that plaintiff was a partner and awarded him judg-ment in the principal sum of $45,000. By order dated December 17, 1979, this court remitted the case to Trial Term for findings of fact pursuant to CPLR 4213 and the appeal has been held in abeyance in the interim *(Ramirez v Goldberg,* 73 AD2d 640). Trial Term has only partially complied. Case again remitted to Trial Term for findings of fact pursuant to CPLR 4213 in accordance herewith and appeal held in abeyance in the interim. Trial Term is to file its report with all convenient speed. Although the trial court made detailed findings of fact as to the nature of the relationship between the parties, it again failed to indicate on what basis it determined that the proper award should be $45,000. The trial court has thus twice failed in its function and responsibility. We direct the trial court to address itself properly and expeditiously to the fulfillment of its responsibility so that there may be an appropriate disposition of this matter (see *Matter of Incorporated Vil. of Babylon [Honsberger],* 36 AD2d 768). We cannot review the judgment until we are presented with a proper decision. Mollen, P. J., Hopkins, Lazer and O'Connor, JJ., concur.