■ TREADWAY INNS CORPORATION, Respondent-Appellant, v ROBE OF NEW HARTFORD, INC., et al., Appellants-Respondents. — Order, insofar as it awarded counsel fees against defendant First Hospitality Corporation, unanimously reversed, without costs, and application denied as against said defendant and otherwise case held, decision reserved, and matter remitted to trial court for further proceedings, in accordance with the following memorandum: The parties appeal from an order which awarded plaintiff counsel fees and disbursements in connection with litigation arising out of defendants' breach of a written franchise agreement. The franchise agreement was entered into in 1960 by Treadway Corporation, the franchisor of the "Treadway" chain of motor inns, and Scharney Corporation, a predecessor of defendant Robe of New Hartford, Inc., and permitted Scharney to construct and operate a Treadway Inn in New Hartford, New York. By the terms of the agreement Treadway was entitled to certain franchise fees and had a first option to purchase the inn upon notification of the franchisee's intention to sell it. In February, 1977 Robe agreed to sell the inn and to transfer its rights in the franchise agreement to defendant First Hospitality Corporation which later assigned its rights in the purchase agreement to defendant First Utica Associates. In June, 1977 Robe sold the inn to defendant William C. Morris, Robe's president and sole shareholder, who then sold it to defendant First Utica. Defendant Stanley S. Appel was the president and chairman of the board of First Hospitality, and a general partner of First Utica. Treadway commenced the present action alleging that defendants breached the franchise agreement by failing to give it notice of the intended sale to Morris and First Utica and by failing to pay franchise fees. It sought specific performance of its option to purchase, payment of the franchise fees, an injunction, compensatory and punitive damages incurred as a result of an alleged conspiracy to defraud, and attorney's fees, costs and expenses. After a bench trial the court concluded that the right of first option under the franchise agreement was not complied with but that

Treadway failed to demonstrate its readiness and ability to purchase the property, and it dismissed the causes of action for specific performance, damages, and injunctive relief, and severed the cause of action for attorney's fees. Judgment for the franchise fees in the sum of $35,009.44 was then entered against the defendants. This judgment was later satisfied. Thereafter, the court awarded plaintiff counsel fees and disbursements in the amount of $11,916.86. We agree with the trial court that, under the terms of the franchise agreement, plaintiff is "entitled to reasonable attorneys' fees, costs and expenses incurred in enforcing the terms of the agreement in the present action." Defendant First Hospitality, however, was never a "franchisee" under the agreement or a party to it, therefore, it cannot be subjected to such liability. Defendants dispute the amount of the attorney's fees awarded, and claim that they are not responsible for the payment of fees which relate to the dismissed causes of action, that plaintiff commenced the lawsuit to frustrate the transfer of the motel operation between the defendants and not to enforce the terms of the agreement, and that for the most part the services rendered were unnecessary. Plaintiff requested approximately $30,000 in fees and contends that the court's award is inadequate. No hearing was conducted to determine the reasonableness of the requested fees and the trial court made no finding to indicate the basis upon which it made the award. CPLR 4213 (subd [b]) requires a court to state in its decision "the facts it deems essential." It is obligated to explain the rationale and basis for its decision (see *Vowteras v Argo Compressor Serv. Corp.*, 81 AD2d 582; *Ramirez v Goldberg*, 77 AD2d 589; *Matter of Incorporated Vil. of Babylon [Honsberger]*, 36 AD2d 768). "This requirement not only aids appellate review, but also prevents redeterminations of basic issues, which 'are usually best avoided' (*Conklin v State of New York*, 22 AD2d 481, 482-483). Where there is no way of knowing what ultimate facts the trial court found to support its conclusion, the proper course is to remand for findings of fact (*Nutone Inc. v Bouley Co.*, 38 AD2d 670; *Power v Falk*, 15 AD2d 216)." (*Mastin v Village of Lima*, 77 AD2d 786, 787). We cannot determine from this record the theory on which the court fixed the amount of legal fees and whether the fees awarded were reasonable (see *Matter of Freeman*, 34 NY2d 1, 9; *Matter of Read*, 88 AD2d 6; *Jordan v Freeman*, 40 AD2d 656; see, also, Code of Professional Responsibility, DR 2-106, EC 2-18). The case, therefore, must be remitted to the trial court for findings of fact which explain the rationale and basis for its decision. The trial court may conduct such hearing as it deems necessary to comply with this direction. (Appeals from order of Supreme Court, Oneida County, Lee, J. — counsel fees.) Present — Simons, J. P., Hancock, Jr., Callahan, Moule and Schnepp, JJ.