■ NOVAK & COMPANY, INC., Respondent-Appellant, v FACILITIES DEVELOPMENT CORPORATION, Appellant-Respondent. — Per Curiam. Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered May 17, 1984 in Albany County, upon a decision of the court at Trial Term (Prior, Jr., J.), without a jury.

Defendant is a public benefit corporation existing pursuant to the provisions of McKinney's Unconsolidated Laws of NY § 4401 *et seq.* (Facilities Development Corporation Act, § 1 [L 1968, ch 359, § 1, as amended]). Its primary function is to plan, contract for and generally supervise the construction of new facilities necessary to the operations of, *inter alia,* the Department of Mental Hygiene (Unconsolidated Laws § 4402). In June 1973, plaintiff and defendant entered into a contract whereby plaintiff was hired to install the sanitary plumbing at a new Department of Mental Hygiene facility known as The Bronx State School. Under the terms of the contract, time was of the essence, and plaintiff was to complete all of its work no later than April 1, 1976. The contract price was $1,593,000, with the proviso that plaintiff, under certain conditions, could be further compensated for any extraordinary delays it encountered in performing the agreement. Plaintiff commenced its work on June 14, 1973 but the work was not completed by April 1, 1976. It was not until sometime in 1978 that plaintiff actually completed its work at The Bronx State School.

Plaintiff subsequently made demand upon defendant for additional payment. Plaintiff claimed, *inter alia,* that it had incurred additional and unanticipated expenditures in performing the contract as a result of change orders issued by defendant or its architect and that defendant had hindered plaintiff's performance. Thereafter, plaintiff commenced the instant action seeking damages in excess of $1,000,000.

After a lengthy nonjury trial, the trial court issued its decision in the form of findings of fact and conclusions of law, awarding plaintiff damages of $543,162.38 plus interest. Plaintiff entered a judgment on that award; defendant appeals and plaintiff cross-appeals.

The issues raised by these cross appeals focus almost exclusively on the propriety of the trial court's award of damages. In reviewing the court's findings and conclusions, we are unable to determine the basis for the damages awarded. The trial court's findings are conclusory in nature and lacking in specificity. The court found defendant chargeable with extraordinary delays which increased plaintiff's cost of performance. But, in awarding damages, the court set forth absolutely 'no basis for its calculations.

The trial court has failed to set forth the facts essential to its calculation of damages (CPLR 4213 [b]). As a result, we are precluded from adequately reviewing the issues raised and must remit the case to the trial court for detailed findings as to how damages were calculated (*see, Treadway Inns Corp. v Robe of New Hartford,* 91 AD2d 828; *Ramirez v Goldberg,* 77 AD2d 589). Upon remittal, the trial court must specifically set forth, in detail, how it arrived at the figure for each element of damages it awarded plaintiff.

Decision withheld, and matter remitted to Trial Term for further proceedings not inconsistent herewith. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur.