■ MEYER WECKSTEIN, Appellant, v SHELDON L. BREITBART et al., Respondents. — Order and judgment (one paper) of the Supreme Court, New York County (Amos E. Bowman, J.), entered October 31, 1984, which after a bench trial dismissed plaintiff's complaint on the merits, is unanimously modified, on the law, to the extent of reinstating the fourth cause of action and remanding for a new trial on that claim, and the order is otherwise affirmed, with costs to abide the event.

Appellant Weckstein, a limited partner in 2 Park Avenue Associates, a publicly held real estate syndication and partnership (the partnership), brought this derivative action on behalf of the partnership against the general partners Sheldon and Barbara Breitbart, their wholly owned Breitbart Corporation and General Park Corporation and Park Fee Associates, the fee holder of the premises 2 Park Avenue. Appellant's complaint asserted five causes of action: (1) the general partners' unreasonable withholding of distributions and maintenance of excessive reserves; (2) the conflict of interest and breach of trust in requiring the limited partners to pay income taxes on distributions not received, advising limited partners not to purchase additional interests in the partnership and engaging in other specified acts; (3) the general partners' diversion of partnership opportunities by purchasing limited partnership units at a favorable price and obtaining a 1% equity interest in the fee title to 2 Park Avenue; (4) conversion of partnership assets through the general partners' payment to themselves, through their Breitbart Corporation, of substantial fees in excess of the $25,000 amount authorized by the partnership agreement; and (5) partnership waste through the payment of fees for legal expenses incurred for the sole benefit of the general partners. Defendants denied these claims and set forth various affirmative defenses, including plaintiff's ratification of the transactions of which he complained.

On July 2, 1984, Justice Danzig denied defendants' motion for summary judgment and refused to dismiss the complaint on the ground of the alleged ratification, since issues of fact existed on that question. Justice Danzig also found that questions of fact existed as to whether defendants' actions were indeed authorized or performed in good faith. The case therefore went to trial before Justice Bowman on July 23, 1984 and continued on September 24, 25, 26 and October 2 and 3, 1984. At the close of plaintiff's case, the court dismissed the second, third and fifth

causes of action for lack of sufficient proof and reserved decision on the first and fourth causes of action having to do with the withholding of net profits and conversion of partnership assets, respectively. A review of plaintiff's case indeed demonstrates a failure to make out a prima facie case as to the dismissed causes of action.

Upon continuation of trial defendants introduced into evidence voluminous amounts of documents and presented two witnesses, real estate experts, who gave their opinion as to what compensation in the form of managerial fees and lease commissions was customary and usual in the management of a real estate syndication where the general partners assume the additional function of managing agent of the building. At the close of all the evidence and after hearing summations the trial court, without making any findings of fact or conclusions of law, dismissed the two remaining causes of actions, saying only that plaintiff wholly failed to prove his case.

Without benefit of any findings of fact by the court below, we are now asked to rule on a myriad of issues. Presented before us are: the correctness of the trial court's dismissal of the causes of action; the collateral estoppel or stare decisis effect on defendants Breitbart of this court's affirmance, without opinion, of the trial court decision in *Mandel v B.T. Mgt. Corp.* (NYLJ, Dec. 11, 1973, p 16, col 3 [Sup Ct, NY County], *affd* 47 AD2d 1006), which involved another real estate syndication managed by the Breitbarts as general partners and held them liable for taking fees in excess of that authorized by the partnership agreement; and the defense claims of ratification and Statute of Limitations bar to certain of the acts of which plaintiff complains. Oddly enough, however, the obviously glaring issue of the trial court's absolute failure to render a decision in conformity with CPLR 4213 (b) is not raised on appeal by plaintiff, yet, nevertheless, requires this court to reverse and remand for a new trial.

CPLR 4213 (b) directs that a trial court in a court-tried case include in his decision a statement of "the facts it deems essential." This statutory requirement mandates that the court set forth those ultimate or essential facts on which it relies to reach its decision. (*General Instrument Corp. v Consolidated Edison Co.*, 99 AD2d 460, 461; *Fischer v Fischer,* 45 AD2d 917.) This requirement recognizes that intelligent appellate review is impossible if the appellate court cannot ascertain on what facts and conclusions of law the lower court rested its decision. Because of its importance in assuring adequate appellate review, the requirement of a statement of the essential facts may not be waived or dispensed with. (*Conklin v State of New York,* 22 AD2d 481, 482.)

While an appellate court has the power to review the record and make its own findings of fact or can remand for findings of fact to be made, these remedies are reserved for cases where the record is complete and the essential facts can be readily and sufficiently established by a review of that record. (*See, e.g., Commissioner of Social Servs. v George C.,* 78 AD2d 541.) However, where, as is the case here, the record is confusing and incomplete, the "contentions of the parties differ very sharply", issues are left unaddressed and unresolved, "testimony abounds with discrepancies", and even the appellate briefs fail to set forth a coherent and comprehensive statement of the facts, this court can, in the interest of justice, remand for a new trial. (*Power v Falk,* 15 AD2d 216, 217, 218; *see also, Kundla v Symans,* 9 AD2d 1021, 1021-1022.)

Without the benefit of established findings of fact and given the poor shape of the trial record below, which includes hundreds of pages of documents, it is impossible for this court to determine as to the fourth cause of action whether defendants were authorized by the partnership agreement to accept through Breitbart Corporation substantial managerial and leasing commissions fees or, alternatively, whether it was a breach of their fiduciary duties to the partnership to hire their wholly owned Breitbart Corporation to assume the highly lucrative position of managing agent of the building. Determination of this issue is complicated by the unresolved issues of whether there was ratification of these payments and whether the former action involving the Breitbarts, cited *supra,* collaterally estops them in this action. Additionally, because plaintiff was prevented from introducing relevant rebuttal evidence on the crucial matter of reasonable management service fees, the record is incomplete on this issue. Accordingly, because of the noncompliance with CPLR 4213 (b) and because of the extreme difficulty in making findings of fact as to this issue from this record, we find it necessary to reverse the dismissal of the fourth cause of action and remand for a new trial.

As to the dismissal of the cause of action alleging the breach of duty in failing to distribute net profits, we find the record adequate to support that dismissal. Defendants explained that due to the age and physical condition of the building, the necessary repairs ordered by the city, and the alterations which often accompany the procurement of new and lucrative tenancies, a cash reserve fund of between $5 and $6 million is reasonable. Plaintiff submitted no evidence to counter defendants' explanation. Moreover, the partnership agreement directs that the general partners are to set up reasonable reserves

at their discretion. Accordingly, the dismissal of the first cause of action is affirmed. Concur — Kupferman, J. P., Ross, Carro and Milonas, JJ.