■ In the Matter of WILLIAM J. FOLEY. FLORENCE MESSINA, Respondent; WILLIAM J. FOLEY et al., Appellants.—Casey, J.

In this proceeding pursuant to Mental Hygiene Law article 77, respondents raise a number of procedural and substantive questions. First, they claim that the proposed conservatee, respondent William J. Foley, was not properly served with notice of the petition, as required by Mental Hygiene Law § 77.07 (a). Our review of the motion papers on this issue discloses the following facts. Petitioner's attorney obtained an

order to show cause in New York City, which he sent via Federal Express to Mary Colasurdo in Albany. Colasurdo, either alone or in the company of petitioner, went to the home of respondent Herbert P. Segarra, where Foley resided, and after asking for Foley, Colasurdo delivered the Federal Express envelope containing the papers to Segarra's wife. Shortly thereafter, on September 10, 1986, Segarra moved to dismiss the proceeding due to improper service on Foley. On September 15, 1986 petitioner obtained a supplemental order to show cause authorizing substituted service on Foley by certified mail, and the supplemental order to show cause was so served.

CPLR 308 (2) authorizes service by delivery to a person of suitable age and discretion at the usual place of abode of the person to be served and by mailing to the person at his last known residence. Delivery of the Federal Express envelope by Colasurdo to Segarra's wife clearly complied with the first requirement of CPLR 308 (2) (see, duPont, Glore Forgan & Co. v Chen, 41 NY2d 794; Roldan v Thorpe, 117 AD2d 790, appeal dismissed 68 NY2d 663). We conclude that the second requirement was fulfilled by the mailing of the supplemental order to show cause, which provided the notice of the petition required by Mental Hygiene Law § 77.07 (a) (cf., Donohue v La Pierre, 99 AD2d 570). While proof of service apparently was not filed within the 20-day period required by CPLR 308 (2), the defect is not jurisdictional (Helfand v Cohen, 110 AD2d 751, 752). As to the service by certified mail authorized by the supplemental order to show cause, we note that CPLR 308 (5) authorizes a court to permit such expedient service if other methods of service are "impracticable", and this requirement is not as stringent as the "due diligence" requirement of CPLR 308 (4) (Saulo v Noumi, 119 AD2d 657, 658). Nevertheless, having found proper service under CPLR 308 (2), we need not pass upon the propriety of Supreme Court's order permitting expedient service under CPLR 308 (5).

Next, respondents contend that "the proceedings were procedurally flawed with prejudicial errors". They argue that they were deprived of the right to submit an answer and to have a jury trial when Supreme Court denied their motion to dismiss and immediately started the hearing. The record, however, contains no objection to the procedure or request for the relief now claimed as a matter of right. The right to submit an answer following denial of a motion to dismiss in a special proceeding is discretionary (CPLR 404 [a]) and we see no abuse of discretion here (see, Matter of Dodge, 25 NY2d

273, 286-287). The right to a jury trial requires a demand (Mental Hygiene Law § 77.07 [c]). At the very least, respondents were required to voice some objection to the court's direction that the hearing would begin, without a jury, immediately after denial of the motion to dismiss *(see,* CPLR 410). Respondents also contend that Supreme Court erred in permitting the hearing to proceed without Foley being present. Mental Hygiene Law § 77.07 (b) provides that the proposed conservatee must be present "unless he is unable to attend by reason of physical or other inability and such inability is established to the satisfaction of the court". The report of the guardian ad litem, submitted to Supreme Court prior to the hearing, found Foley to be aged, bedridden, "quite debilitated" and unable to respond to the guardian's inquiries. While Supreme Court should have made a ruling on the record as to Foley's ability to attend the hearing *(cf., Matter of Steinberg,* 121 AD2d 872), reversal is not required in these circumstances, particularly since Foley was represented at the hearing by retained counsel who voiced no objection to Foley's absence. Next, respondents maintain that no guardian ad litem should have been appointed since Foley was represented by retained counsel, but such an appointment is authorized "at any stage of the proceeding" (Mental Hygiene Law § 77.09) and we see no prejudice arising out of the appointment made in this case.

Respondents' remaining arguments concern the prejudicial effect of allegedly inadmissible hospital records, the sufficiency of the proof and the propriety of Supreme Court's choice of a conservator, but we find the record insufficient to permit our review of the questions created by these arguments. Supreme Court conducted a trial of the factual issues raised by the parties' papers *(see,* CPLR 410). At the trial a number of witnesses presented conflicting evidence concerning the physical and mental condition of Foley, the manner in which his property was being managed and other matters relevant to the need for a conservator. Supreme Court's oral decision states: "After listening to the testimony and listening to the proof and reading the exhibits and the other proposals and the report of the guardian ad litem, et cetera, it is the determination of this Court that Kevin Fogarty be appointed the conservator upon him qualifying as such." CPLR 4213 (b) provides that in a nonjury trial, the court's decision "shall state the facts it deems essential". Since CPLR article 4 contains no provision to the contrary, this requirement of CPLR 4213 (b) is applicable to a trial conducted by a court

during the course of a special proceeding (CPLR 103 [b]). "This requirement recognizes that intelligent appellate review is impossible if the appellate court cannot ascertain on what facts and conclusions of law the lower court rested its decision" *(Weckstein v Breitbart,* 111 AD2d 6, 7). The requirement is particularly appropriate in cases where issues of credibility are raised at the trial *(see, Hayden v Walters,* 112 AD2d 43, 44). Here, we have no way of knowing from Supreme Court's cryptic decision which facts it deemed essential and what evidence it relied on in finding that the "clear and convincing proof" requirement of Mental Hygiene Law § 77.01 had been satisfied. Indeed, we cannot even determine whether Supreme Court applied this standard. Accordingly, the matter must be remitted to Supreme Court so that it can comply with the requirement of CPLR 4213 (b).

Decision withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.