■ C. R. Drywall, Inc., Respondent, v Wade Lupe Construction Corporation, Appellant. (Action No. 1.) Green Island Associates, Appellant, v Wade Lupe Construction Company, Inc., Respondent. (Action No. 2.) (And Another Related Action.)—Levine, J. Appeals (1) in action No. 1 from a judgment of the Supreme Court (Dier, J.) in favor of plaintiff, entered November 21, 1990 in Warren County, upon a directed verdict at the close of plaintiff's case in a nonjury trial, and (2) in action No. 2 from an amended judgment of said court, entered December 4, 1990 in Warren County, upon a decision of the court in favor of defendant.

In December 1983, plaintiff in action No. 2, Green Island Associates (hereinafter GIA), entered into a contract with defendant in both actions, Wade Lupe Construction Company, Inc. (hereinafter Wade Lupe), for the construction of condominiums and rental units at the Sagamore Resort in Bolton Landing, Warren County. Wade Lupe, as general contractor, then entered into agreements with various subcontractors, including plaintiff in action No. 1, C. R. Drywall, Inc. (hereinafter Drywall). Following a dispute in October 1985 between GIA and Wade Lupe regarding payment, Wade Lupe and its subcontractors ceased working on the GIA project.

In November 1985, Drywall commenced an action against Wade Lupe (action No. 1) for its alleged failure to pay in accordance with its contract. Subsequently, on April 10, 1986, GIA and Wade Lupe entered into an agreement whereby GIA was to pay Wade Lupe $770,000 on that date and an additional $100,000 upon the satisfactory completion of all items specified in a "punch list". Wade Lupe and its subcontractors apparently returned to the job, but again stopped working prior to completion of the agreed-upon punch list.

GIA then commenced an action against Wade Lupe in September 1986 (action No. 2), alleging breaches of both the

December 1983 and April 1986 contracts and seeking damages for lost rental and sales income. As an affirmative defense in its answer, Wade Lupe asserted, *inter alia,* that GIA had breached the April 1986 agreement by failing to approve the completed work and by delaying and/or preventing Wade Lupe and its subcontractors from completing performance. Wade Lupe also counterclaimed against GIA for breach of contract, seeking the $100,000 called for in the April 1986 agreement.

The subject actions were consolidated for purposes of a nonjury trial before Supreme Court. At the close of Drywall's proof in action No. 1, Supreme Court awarded judgment in its favor against Wade Lupe in the amount of $26,000. In action No. 2, Supreme Court found that GIA had failed to prove the allegations in its complaint and that Wade Lupe was entitled to judgment on its counterclaim in the amount of $55,000. These appeals by GIA and Wade Lupe followed.

With regard to action No. 2, GIA contends on this appeal that, although Supreme Court correctly found that Wade Lupe had completed only 50% of the punch list work, the award in Wade Lupe's favor was not justified on either a substantial performance or quantum meruit theory. From our reading of Supreme Court's bench decision, it appears that the $55,000 award was made on a quantum meruit basis. However, Supreme Court failed to set forth the essential facts which formed the basis for its decision as required by CPLR 4213 (b) *(see, Weckstein v Breitbart,* 111 AD2d 6, 7; *General Instrument Corp. v Consolidated Edison Co.,* 99 AD2d 460, 461). In the absence of adequate factual findings, intelligent appellate review is impossible, as we are unable to determine the ultimate theory upon which Supreme Court relied in awarding Wade Lupe judgment *(see, Weckstein v Breitbart, supra; Treadway Inns Corp. v Robe of New Hartford,* 91 AD2d 828, 829). Notably, the record reveals conflicting trial testimony, the resolution of which is determinative on the issue of, *inter alia,* whether recovery on a quantum meruit basis was warranted in disregard of the contract. Accordingly, our decision must be withheld and the matter remitted to Supreme Court for findings of fact which explain the rationale for its decision *(see, Treadway Inns Corp. v Robe of New Hartford, supra).*

Because the determination of the appeal in action No. 1 may be contingent on the final outcome of the appeal in action No. 2, our determination of the appeal in action No. 1 must likewise await remittal.

Casey, J. P., Weiss, Mercure and Harvey, JJ., concur. Or-

dered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.