■ C.R. DRYWALL, INC., Respondent, v WADE LUPE CONSTRUCTION CORPORATION, Appellant. (Action No. 1.) GREEN ISLAND ASSOCIATES, Appellant, v WADE LUPE CONSTRUCTION COMPANY, INC., Respondent. (Action No. 2.) (And Another Related Action.)—Levine, J. Appeals (1) in action No. 1 from a judgment of the Supreme Court (Dier, J.) in favor of plaintiff, entered November 21, 1990 in Warren County, upon a directed verdict at the close of plaintiff's case in a nonjury trial, and (2) in action No. 2 from an amended judgment of said court, entered December 4, 1990 in Warren County, upon a decision of the court in favor of defendant.

When this appeal was previously before us (177 AD2d 821), we withheld decision in both action No. 1 and action No. 2 and remitted the matter to Supreme Court for factual findings explaining the rationale for its decision awarding defendant Wade Lupe Construction Company, Inc. (hereinafter Wade Lupe) judgment in the amount of $55,000. Upon review of Supreme Court's findings of fact in action No. 2 and our own review of the record, we agree that the credible evidence presented at trial was sufficient to establish that the conduct

of plaintiff Green Island Associates (hereinafter GIA) frustrated the performance of Wade Lupe and that Wade Lupe stopped working at the Sagamore Resort as a result thereof. Under these circumstances, Supreme Court properly concluded that recovery on a quantum meruit basis was warranted (see, Farrell Heating, Plumbing, Air Conditioning Contrs. v Facilities Dev. & Improvement Corp., 68 AD2d 958, 959).

While we agree with the amount of damages ultimately awarded to Wade Lupe, it is our view that Supreme Court's revised calculation of that amount is without support in the trial record. However, in its initial findings, Supreme Court credited the testimony of Frank McDonald, the project manager for GIA's construction management company, who estimated the reasonable value of the punch list work to be completed by Wade Lupe at $140,000. The court also found, and it is not disputed by the parties, that Wade Lupe completed 50% of the punch list work. Thus, as Supreme Court reasoned in its bench decision, Wade Lupe was entitled to $70,000, to be reduced by the $15,000 already paid by GIA (see, Whitmyer Bros. v State of New York, 47 NY2d 960, 962). Because these findings are amply supported by the record, the award of $55,000 in Wade Lupe's favor should not be disturbed.

In view of the foregoing, we do not reach Wade Lupe's challenge to the judgment in action No. 1, which it expressly deemed abandoned upon a favorable outcome in action No. 2.

Weiss, P. J., Mercure, Casey and Harvey, JJ., concur. Ordered that the appeal from judgment in action No. 1 is dismissed, as abandoned, without costs. Ordered that the amended judgment in action No. 2 is affirmed, without costs.