■ Tri-State Sol-Aire Corp., Respondent, v United States Fidelity & Guaranty Company, Appellant. [604 NYS2d 576] —In an action to recover upon a labor and materialman's bond, the defendant appeals from a judgment of the Supreme Court, Nassau County (La Pera, Referee), entered December 12, 1990, which, after a hearing on a reference to hear and determine, awarded the plaintiff the principal sum of $640,688.32.

Ordered that the judgment is reversed, as a matter of discretion, and a new trial on the issue of damages is granted before a different Referee, with costs to abide the event.

The plaintiff, Tri-State Sol-Aire Corp., is a heating, ventilating and air conditioning subcontractor. It commenced the instant action to recover damages from the defendant, United States Fidelity & Guaranty Company, the surety which had issued a labor and materialman's payment bond to the general contractor in connection with the construction of the Marriot Hotel in Uniondale, New York.

A bifurcated trial was held at which the threshold issue of whether the action was barred by a contractual Statute of

Limitations was submitted to a jury. The jury found that the action was not barred and the trial court ordered that the issue of damages be tried before Referee Alphonso M. La Pera pursuant to CPLR 4317 (b). By decision and order dated May 29, 1990, this Court affirmed an order which was entered upon the jury's determination and which referred the matter to the Referee to hear and determine the issue of damages *(Tri-State Sol-Aire Corp. v United States Fid. & Guar. Co.,* 161 AD2d 757).

The issue of damages was tried before the appointed Referee, who found, in pertinent part, as follows: "I accept the testimony of Milton Solomon * * * and find that there is due the plaintiff the sum of $640,688.32; and I direct that the Clerk of the County of Nassau enter judgment in that amount with interest for two years at the rate of nine (9%) per annum, to wit: $115,324.00, making a total of $756,012.00."

A judgment was so entered on December 12, 1990.

Pursuant to the CPLR, "The decision of a referee shall comply with the requirements for a decision by the court" (CPLR 4319). "The decision of the court may be oral or in writing and shall state the facts it deems essential" (CPLR 4213 [b]). "This statutory requirement mandates that the court set forth those ultimate or essential facts on which it relies to reach its decision * * * This requirement recognizes that intelligent appellate review is impossible if the appellate court cannot ascertain on what facts and conclusions of law the lower court rested its decision" *(Weckstein v Breitbart,* 111 AD2d 6, 7; *see also, C. R. Drywall v Lupe Constr. Corp.,* 177 AD2d 821, 822). It "is particularly appropriate in cases where issues of credibility are raised at the trial" *(Matter of Foley,* 140 AD2d 892, 895). Moreover, it "may not be waived or dispensed with" *(Weckstein v Breitbart, supra,* at 7).

The appellate court's remedies of either reviewing the record and making its own findings of fact, or remitting the matter for findings of fact to be made "are reserved for cases where the record is complete and the essential facts can be readily and sufficiently established by a review of that record" *(Weckstein v Breitbart, supra,* at 8). "However, where, as is the case here, the record is confusing and incomplete, the 'contentions of the parties differ very sharply' * * * 'testimony abounds with discrepancies', and even the appellate briefs fail to set forth a coherent and comprehensive statement of the facts, this court can, in the interest of justice, remand for a new trial" *(Weckstein v Breitbart, supra,* at 8, quoting *Power v Falk,* 15 AD2d 216, 217, 218).

In the present case, this Court has no way of knowing from the Referee's cryptic decision which facts it deemed essential and what evidence it relied on in finding that "there is due the plaintiff the sum of $640,688.32" *(see, Matter of Foley, supra,* at 895). Without the benefit of established findings of fact and given the poor state of the trial record, which includes hundreds of pages of documents, it is impossible for this Court to determine (1) whether the extra work performed by the plaintiff was within the scope of the oral agreement between the plaintiff and the general contractor, (2) whether it was necessary for the plaintiff to advise the general contractor before performing such extra work, (3) whether the plaintiff did so advise the general contractor, (4) when the work was completed by the plaintiff, (5) the actual quantities and prices of the materials used, (6) whether any credits or setoffs are due the defendant, (7) what standards were agreed upon, and (8) whether the work met those standards *(see, Weckstein v Breitbart, supra,* at 8). Additionally, because the defendant was prevented from introducing relevant evidence on the crucial matter of the underlying agreement, the record is incomplete on this issue.

Accordingly, because of the Referee's failure to comply with CPLR 4213 (b) and because of the extreme difficulty in making findings of fact from the record as to the aforementioned issues, we find it necessary to reverse the judgment and remit the matter for a new trial on the issue of damages, before a different Referee *(Weckstein v Breitbart, supra,* at 8).

In light of the above, we find it unnecessary to reach the other issues raised on this appeal. Balletta, J. P., Rosenblatt, Santucci and Joy, JJ., concur.