■ PHOENIX ELECTRICAL CONTRACTING, INC., Respondent, v LEHR CONSTRUCTION CORP., Appellant, et al., Defendant. [631 NYS2d 146] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered April 15, 1994, after nonjury trial, in favor of plaintiff subcontractor and against defendant-appellant general contractor in the principal amount of $186,467.64, plus interest from November 3, 1987, unanimously modified, on the law and the facts, to reduce the principal amount to $58,888.78, with interest from November 3, 1988, and otherwise affirmed, without costs.

Defendant Lehr, the general contractor on a renovation contract for premises occupied by defendant Rose Associates, should not have been held liable for delay damages allegedly sustained by plaintiff Phoenix, the electrical subcontractor, as a result of labor disruptions caused by Rose personnel or by design and engineering changes ordered by Rose's architect and engineer after commencement of the project. "[A]bsent a contractual commitment to the contrary, a prime contractor is not responsible for delays that its subcontractor may incur unless those delays are caused by some agency or circumstance

under the prime contractor's direction or control" (*Triangle Sheet Metal Works v Merritt & Co.*, 79 NY2d 801, 802). The parties whose actions disrupted the project, and allegedly caused Phoenix to sustain delay damages, were not under Lehr's direction or control.

There was no evidence that the parties, by their actions, considered the contract abandoned (*see, AEB & Assocs. Design Group v Tonka Corp.*, 853 F Supp 724, 733 [SD NY 1994]). Nor did the number or character of the changes "alter or destroy the essential identity of the thing contracted for" (*National Contr. Co. v Hudson Riv. Water Power Co.*, 192 NY 209, 217). Accordingly, Phoenix was entitled to recover only under its contract, and not for quantum meruit.

The late addition of a claim based upon change order 39 was prejudicial to Lehr and thus should not have been permitted (*see, Gonfiantini v Zino*, 184 AD2d 368, 369), and in any event the proof submitted in support of this claim was inadequate.

The price reductions on certain change orders purportedly authorized by Phoenix's Mr. Koter were made without actual authority, and apparent authority in Koter to make such reductions had to be traceable to conduct by Phoenix, the burden being on Lehr to prove such conduct as well as reasonable reliance (*Ford v Unity Hosp.*, 32 NY2d 464, 472-473). The court correctly concluded that Lehr failed to meet this burden in both respects.

Interest on the judgment should run from November 3, 1988 rather than November 3, 1987, and there is no reason why this conceded typographical error should not be corrected on appeal. Concur—Sullivan, J. P., Rosenberger, Kupferman, Ross and Williams, JJ. [As amended by unpublished order entered Nov. 21, 1995.]