■ DOUGLAS CONSTRUCTION, INC., OF FULTON COUNTY, Respondent, v DAVID B. MARCAIS et al., Appellants. [657 NYS2d 835] —Carpinello, J. Appeal from a judgment of the Supreme Court (Best, J.), entered November 22, 1995 in Montgomery County, upon a decision of the court in favor of plaintiff.

Plaintiff, hired by defendants to construct a new home, commenced this action seeking to foreclose a mechanic's lien in the amount of $41,384.64 or, in the alternative, a claim for, *inter alia*, quantum meruit in the same amount. Defendants counterclaimed for breach of contract and damages for plaintiff's exaggerated lien. Following the denial of defendants' motion for summary judgment and a nonjury trial, Supreme Court found that a July 1988 written contract between the parties was not followed by either party and, accordingly, no longer existed as a valid controlling agreement. The court concluded that plaintiff should recover on the basis of quantum meruit and awarded plaintiff $48,921.64 as the reasonable value of the work performed. Defendants appeal.

Upon our review of Supreme Court's findings of fact and the record as a whole, we find that the court properly concluded that recovery on a quantum meruit basis was warranted. We note that Supreme Court's findings were based in large part on credibility determinations. The court specifically credited the testimony of William Schreivogl, who testified in significant detail that the house, as built, deviated substantially from and was more expensive than the parties' original plans, that the house was "over-built" (i.e., changes were made to the standard plans that were unnecessary), that these revisions and certain construction delays were based on defendants' conduct and that the completed house was of good quality. While this Court is not limited to deciding whether the weight of the credible evidence supports the trial court's findings in reviewing a determination following a nonjury trial, deference will be given to the court's assessment of credibility issues (*see, Bibeau v Ward*, 228 AD2d 943, 944-945, *lv denied* 89 NY2d 804).

The conduct of the parties, particularly defendants, demonstrate an indisputable mutual departure from the July 1988 written agreement such that it was abandoned (*see, e.g., Phoenix Elec. Contr. v Lehr Constr. Corp.*, 219 AD2d 467, 468, *lv*

*denied* 87 NY2d 805). Despite the existence of original plans to build the house, significant modifications were made to them throughout construction at the direction of defendants and defendant David B. Marcais' father, who provided substantial instruction and supervision over the project. These changes included constructing the house using balloon framing (i.e., simultaneously constructing the walls of the first and second floors of the structure), using two-by-sixes for studs instead of two-by-fours, as called for under the original plans, and the installation of, *inter alia*, (1) twice as many collar beams as required by the plans, (2) blocking between floor joists, (3) floor clips, (4) double perimeter plates, (5) double bottom plates, and (6) a knee wall in the attic. In fact, according to Schreivogl, other than the dimensions of the structure, "there was practically no comparison between the plans and the building that existed". The record further reveals that all changes made to the original plans were at the instruction of defendants and Paul Marcais.

In the absence of any binding contract* and because the record establishes that plaintiff rendered services and labor and furnished materials under circumstances implying an understanding that defendants would be obligated to pay for same, plaintiff was entitled to recover on the theory of quantum meruit (*see, C.R. Drywall v Lupe Constr. Corp.*, 184 AD2d 923; *Meyers v Town of Coxsackie*, 139 AD2d 855; *Taylor & Jennings v Bellino Bros. Constr. Co.*, 106 AD2d 779; *Aluminum Fair v Abdella*, 90 AD2d 603, *lv denied* 58 NY2d 606; *Abinet v Mediavilla*, 5 AD2d 679). In short, we see no reason to disturb Supreme Court's decision and findings of fact.

Finally, although Supreme Court erred in admitting certain delivery tickets, bills and invoices into evidence, as these items fall outside the scope of the business records exception to the hearsay rule, our review of the record nevertheless reveals that the award of $48,921.64 to plaintiff was supported by sufficient evidence including, but not limited to, the testimony of plaintiff's president and sole shareholder. Defendants' remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Based upon the evidence adduced at trial, as well as Supreme Court's resolution of credibility issues, the court did not err in denying enforcement of an alleged amendment to the July 1988 contract.