■ NEW YORK TRW TITLE INSURANCE, INC., Respondent, v WADE'S CANADIAN INN AND COCKTAIL LOUNGE, INC., et al., Appellants, et al., Defendants. [660 NYS2d 491] —Crew III, J. Appeals (1) from an order of the Supreme Court (Viscardi, J.), entered June 20, 1996 in Warren County, which denied defendant Benjamin Rastelli's motion for a new trial, and (2) from an order of said court, entered July 17, 1996 in Warren County, upon a decision of said court in favor of plaintiff.

The relevant facts of this case are fully set forth in this Court's prior decision in this matter (199 AD2d 661). Previously, we modified an order of Supreme Court (Dier, J.) by denying defendants' cross motion for summary judgment dismissing the complaint. The matter then proceeded to trial, at the conclusion of which Supreme Court found in favor of plaintiff and established an equitable mortgage against the property located at 75 Canada Street in the Village of Lake George, Warren County. Defendants now appeal.

In our view, the trial evidence amply supports Supreme Court's decision. It is clear that plaintiff's predecessor, Chrysler First Business Credit Corporation (hereinafter Chrysler), loaned defendant Robert Rastelli $345,000 for the purpose of purchasing the Canada Street property and that Rastelli purchased the property with those funds. Chrysler issued a commitment letter reflecting that the Canada Street property would constitute the collateral for said loan. The closing documents included, *inter alia*, a mortgage covering 75 Canada Street running from defendant Wade's Canadian Inn and Cocktail Lounge, Inc. to Chrysler to secure payment of the loan, the loan agreement signed by Rastelli, as president of Wade's, minutes of the meeting of Wade's board of directors authorizing the corporation to grant a mortgage to Chrysler covering the Canada Street property, signed by Rastelli as secretary and as a director, and an opinion affidavit signed by Rastelli's attorney recognizing that a first priority lien was being given as collateral for the loan. Additionally, there was testimony at the trial by Rastelli's attorney that he had brought with him to the closing a signed deed running from the seller to Wade's and testimony from a title representative that there indeed was a deed to Wade's at the closing. Nevertheless, the documents that were recorded following the closing included a deed from the seller to Rastelli alone.

From such proof, Supreme Court was amply justified in determining that the intent of the parties was to have the Can-

ada Street property serve as collateral for the loan from Chrysler. The fact that Rastelli testified to the contrary merely presented a credibility issue for the court that was resolved in favor of plaintiff, and we will defer to the trial court's determination in that regard (*see generally*, *Douglas Constr. v Marcais*, 239 AD2d 803). Defendants' remaining contentions, including their assertion that the equitable mortgage covered only the 75 Canada Street property, have been examined and found to be lacking in merit. Accordingly, Supreme Court's July 17, 1996 order should be affirmed.

We next address the propriety of Supreme Court's denial of a motion by defendant Benjamin Rastelli for a new trial or, in the alternative, for a continuance. The record reflects that after the closing on the Chrysler loan, Benjamin Rastelli loaned his son Robert $100,000 and took a second mortgage on the Canada Street property. That mortgage provided, *inter alia*, that it was subject and subordinate to the first mortgage held by Chrysler. At the time that plaintiff commenced this action to create an equitable mortgage and for foreclosure thereof, Benjamin Rastelli was named as a party defendant, appeared by counsel and answered. Approximately two years prior to trial, Benjamin Rastelli's attorney was permitted to withdraw his representation. Shortly before the trial commenced, Benjamin Rastelli's daughter wrote to Supreme Court advising that her father had been hospitalized and could not attend the trial and requesting that the trial be postponed. Supreme Court responded by advising that the trial would proceed as scheduled, but if the court determined that Benjamin Rastelli's testimony would be relevant and material, it would schedule a date to take his testimony.

Benjamin Rastelli was represented by counsel at the time of trial and, on the second day of the trial, counsel appeared and made a written motion for a new trial or a continuance based upon his client's illness. Notably, counsel made no claim that Benjamin Rastelli would testify or that his testimony was material to the issues being litigated, nor did he proffer to Supreme Court the sum and substance of such testimony. Moreover, there was no indication when Benjamin Rastelli would be available for trial if a continuance was granted. While Benjamin Rastelli claimed and continues to claim that his mortgage is not subordinate to the Chrysler mortgage, the subordination language contained in his mortgage is a matter of legal interpretation, and it is clear that he could not have testified regarding his interpretation of that language by reason of the parol evidence rule. Under the circumstances, we

find no abuse of discretion by Supreme Court in denying the motion for a new trial or continuance (*see, First Natl. Bank v Anderson*, 55 App Div 570; *compare, Bruce v Hospital for Special Surgery*, 34 AD2d 963).

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.