■ Nebraskaland, Inc., Appellant, v Best Selections, Inc., Defendant, and William Heaney, Respondent. [757 NYS2d 94] —In an action, inter alia, to recover damages for breach of contract and on an account stated, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated May 1, 2001, which, after a nonjury trial, and upon a decision of the same court dated April 3, 2001, dismissed the complaint.

Ordered that the judgment is reversed, on the law and on the facts, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment in favor of the plaintiff and against the defendant William Heaney in the principal sum of $50,131.11.

The plaintiff, inter alia, seeks to recover from the defendant William Heaney sums set forth as due and owing in certain unpaid invoices for meat purchased from the plaintiff during the period May 26, 1995, through June 13, 1995. The complaint asserts causes of action to recover damages for breach of contract, unjust enrichment, and on an account stated. Heaney contends that the debts in question are not his personal liabilities, but those of his now-defunct corporation Best Selection, Inc., sued herein as Best Selections, Inc. (hereinafter Best Selection). On appeal, the plaintiff contends that the trial court's finding that Heaney was not individually liable on the unpaid invoices is against the weight of the evidence and contrary to the law. We agree.

Beginning in or about 1992, Heaney approached the plaintiff

about an arrangement whereby Heaney would purchase the plaintiff's meat and distribute the meat to certain customers throughout the New York City metropolitan area. Heaney and the plaintiff entered into an oral contract whereby Heaney purchased the plaintiff's meat on a "C.O.D." basis. In the plaintiff's industry, C.O.D. means that payment is required upon receipt of the product. That payment may be in the form of either cash, second party check, or personal check.

In or about August 1992 Heaney requested that the plaintiff sell meat to him on credit rather than C.O.D. The plaintiff told Heaney that a credit arrangement would be acceptable provided that the plaintiff received from Heaney a personal guaranty and a personal financial statement, and that the plaintiff was paid by Heaney within two weeks of each purchase. On or about August 11, 1992, the plaintiff alleged that Heaney executed a personal guaranty as security for the purchase of meat from the plaintiff. Heaney denies signing the document.

On February 11, 1993, Best Selection was formed by Heaney as a New York corporation. There is no evidence in the record to show that the agreement between the plaintiff and Heaney was terminated and thereafter superseded by a different contractual agreement between the plaintiff and Best Selection.

Commencing May 26, 1995, and continuing until June 13, 1995, numerous periodic invoices were submitted to Heaney by the plaintiff for meat purchases totalling $50,131.11. Heaney never objected to any of the invoices. On June 21, 1995, the plaintiff delivered to Heaney a statement in the amount of $50,131.11. Heaney never objected to the statement.

The Supreme Court incorrectly found that Heaney was not personally liable to the plaintiff for the amount of $50,131.11. Heaney's admissions during the trial establish that he conducted business with the plaintiff solely in his individual capacity. Although he denies signing a personal guaranty, he admitted during the trial that he agreed to sign the personal guaranty. He repeatedly used the first person, "I" and "my" when referring to the debt owed to the plaintiff and he specifically admitted that, "My debt was in the vicinity of 40 to 45, $46,000 and I figured I would be able to pay a thousand dollars a week off the [debt], to keep my business going." He further stated, "I'm not looking to beat anybody here. I will pay down my debt." The admissions establish that dismissal of the breach of contract claim against Heaney on the ground that the plaintiff failed to prove a prima facie case is not supported by the credible evidence.

Heaney's admissions also established that the Supreme Court erred in dismissing the cause of action to recover on an account stated on the ground that the plaintiff failed to prove a prima facie case. There is no evidence in the record that Heaney objected orally or in writing to the invoices and the statement sent to him by the plaintiff. The plaintiff established its entitlement to recover the principal sum of $50,131.11, through the invoices and statement submitted at trial. Because Heaney did not object within a reasonable period of time to the invoices or statement he received, his retention of them without objection gave rise to an enforceable account stated (see *Bay Ridge 'Lbr. Co. v Summit Renovation Corp.*, 271 AD2d 559 [2000]).

Best Selection was not incorporated until February 11, 1993. Although Heaney testified that all payments to the plaintiff were made by checks from Best Selection's account, on cross-examination he admitted that after February 1993 he paid the plaintiff with checks from supermarkets to which he sold meat (after he endorsed the checks to the plaintiff), checks payable to other individuals, which were then endorsed to Heaney, who then endorsed them to the plaintiff, funds which came from Heaney's father-in-law, and checks from Best Selection. Heaney's entire course of conduct leads to the conclusion that he was personally liable to the plaintiff for the debt.

Where the record, as here, is complete, we may make our own findings of fact (see *Tri-State Sol-Aire Corp. v United States Fid. & Guar. Co.*, 198 AD2d 494 [1993]; *Weckstein v Breitbart*, 111 AD2d 6 [1985]). We therefore reverse the judgment and find William Heaney personally liable to the plaintiff for the sum of $50,131.11. This represents the balance due on the statement entered into evidence without objection. Altman, J.P., Smith, H. Miller and Adams, JJ., concur.