■ JAMES M. MASTIN et al., Appellants, v VILLAGE OF LIMA, Respondent.—Case held, decision reversed, and matter remitted to Trial Term for further proceedings in accordance with the following memorandum: This is an appeal from a judgment of the trial court which dismissed plaintiffs' causes of action which sought to compel removal of a water tower and other improvements constructed by the Village of Lima allegedly on plaintiffs' property, and to recover damages. Plaintiffs purchased real property in the Village of Lima from Thomas and Elinor Bennett in December, 1974. In April, 1975 the Village of Lima purchased real property west of and adjacent to plaintiffs' property from the Elim Bible Institute, Inc. The village then constructed a water tower on this parcel. Plaintiffs claim that

one of the tower's four legs stands on land traditionally used by them and their predecessors in title for their side yard. Plaintiffs concede that their legal title to this area is inconclusive under their deed description, but claim that they have established title by application of the doctrine of practical location of the boundary line and the theory of adverse possession. The trial court's written decision outlines the trial proof from which it properly concluded that plaintiffs' deed and the attached survey preclude them from establishing title to the real property by the conveyance. Although the trial court made reference to plaintiffs' claims and certain proofs presented by them, it made no specific factual finding. It found, however, that plaintiffs' proof established "a mere inference or conjecture of title" and was insufficient to prove their title by practical location of the boundary line or by adverse possession under the applicable legal standards referred to in the decision. From the record it appears that the Bennetts, grantors of plaintiffs, acquired the property in December, 1965 from the committee of Elsie O. Alger, and prior to the sale to plaintiffs, leased it to various parties including plaintiffs. Plaintiffs presented testimony, *inter alia,* (1) that a wire fence ran in a northerly direction along a bank, which was located 35 or 40 feet west of the house and separated the Elim property from their parcel, (2) that plaintiffs and their predecessors in title mowed the lawn west of the house to the bank, installed plantings and generally made use of it in conjunction with their residence, (3) that a fence running east and west connected with the north end of the fence along the bank about 50 or 60 feet north of the area which was mowed, (4) that from 1926 to 1944, during which time the McKeown family owned this property, the west yard of the property extended to the bank and was marked by a telephone pole and guy wires and the side yard was mowed regularly and (5) that even after the property was sold to the Algers the side yard continued to be mowed. The failure of the trial court to set forth factual findings renders review of this case difficult, if not impossible. There are issues of actual possession by plaintiffs and their predecessors, including the Algers, and of the existence and location of the fence which plaintiffs claim marked their boundary. CPLR 4213 (subd [b]) provides that "The decision of the court may be oral or in writing and shall state the facts it deems essential." This requirement not only aids appellate review, but also prevents redeterminations of basic issues, which "are usually best avoided" *(Conklin v State of New York,* 22 AD2d 481, 482-483). Where there is no way of knowing what ultimate facts the trial court found to support its conclusion, the proper course is to remand for findings of fact *(Nutone Inc. v Bouley Co.,* 38 AD2d 670; *Power v Falk,* 15 AD2d 216). In the instant case, the trial court stated the basic controversy and then concluded that appellants failed to establish title to the disputed area. Absent findings of fact in support of the court's conclusion, it is impossible to determine which elements of adverse possession, or of the doctrine of practical location, were lacking. This is not a proper case for the exercise of our power to make new and appropriate findings of fact *(Power v Falk, supra,* p 218). (Appeal from judgment of Livingston Supreme Court—adverse possession.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Moule, JJ.