■ WILMA WOODRUFF et al., Individually and Doing Business as HARR-WOOD NURSING HOME, Respondents-Appellants, v JOSEPH CASTALDO et al., Appellants-Respondents.

On the cause of action for breach of the lease plaintiffs produced proof at trial of numerous specific deviations and omissions from the plans and specifications and of the cost to cure each item. The referee found "plaintiffs have sustained their burden of proving that the defendant contractor and the

defendant owners * * * breached their contract in that they have in some respects failed to construct the facility in accordance with the plans and specifications". The referee also found that when construction on the project ceased (Nov. 1971), the structure was enclosed, the roof was in place, described electrical work had been installed, heating and plumbing work was partially installed and certain equipment was stored on the site. Further, the referee found that Grand Central had approved changes in the roofing, electrical and mechanical specifications and that Joseph Castaldo "pointed out" the modifications to plaintiffs and insisted that the lease contain the "as subsequently modified" language before he signed it. In regard to various changes in the plans after the March 1973 lease, the referee found that the substitution of steps for a wheelchair ramp and the lack of curbs were approved by plaintiffs and that seeding and planting were not required. The findings concluded that although Castaldo had acted in good faith and the defendants had substantially performed the contract, "they are obligated to pay [plaintiffs] a reasonable allowance to compensate them for the cost to cure any deviations, complete what was omitted, and for any expense they may have incurred in the way of additional maintenance costs". Consequently, although the referee determined that the defendants were not liable for changes authorized by Grand Central, he found that "there remain extensive deviations and omissions which can and should be cured" and awarded plaintiffs an allowance of $150,000 to cover their attorney's fees and to "cure any existing deviations or omissions that are necessary to the efficient operation of the nursing home".

Defendants are clearly not relieved from liability for modifications effected by Grand Central solely because Grand Central negotiated the changes with its contractors unless the deviations and omissions from the original plans were agreed to or waived by plaintiffs. Although the referee ruled that the defendants breached the contract, he also agreed with their contention that plaintiffs approved modifications or waived the opportunity to object to changes in the plans. The referee made specific findings as to the various changes which were approved or waived by plaintiffs, or for which no damages are recoverable. However, he made no specific findings of the deviations and omissions which breached the lease and for which he awarded damages. Moreover, we cannot determine from the findings whether defendants were relieved of all liability for changes authorized by Grand Central. Under CPLR 4213 (b) the decision of the court must state the facts it deems essential and where there is no way of knowing what ultimate facts the trial court

found to support its conclusion, the proper course is to remit for findings of fact, since without findings of fact in support of the referee's conclusion it is impossible to determine which items constituted the breach of contract (*see, Mastin v Village of Lima,* 77 AD2d 786) and the amounts allocable thereto. (Appeals from order and judgment of Supreme Court, Oswego County, Aronson, referee — breach of contract.) Present — Dillon, P. J., Callahan, Denman, Green and Schnepp, JJ.