■ CLIFFORD HAYDEN, Respondent-Appellant, v HELEN WALTERS, Appellant-Respondent.—Judgment reversed, on the law, without costs, and matter remitted to Onondaga County Supreme Court for further proceedings, in accordance with the following memorandum: Plaintiff, Clifford Hayden, brought this action against his sister, Helen Walters, to establish a constructive trust upon the proceeds of the sale of their father's farm, which the father had deeded to Helen Walters two years before he died. After a nonjury trial, the court denied plaintiff's request for the establishment of a constructive trust. It granted judgment to plaintiff, however, in the sum of $5,850, the amount of a check that defendant had delivered to plaintiff, but which she later refused to honor.

We find no theory to support the award to plaintiff based upon the dishonored check. The check cannot be viewed as a gift to plaintiff, for a donor's check "prior to acceptance or payment by the bank is not the subject of a valid gift" (25 NY Jur, Gifts, § 37, at 182); and its delivery cannot be considered as an accord and satisfaction because plaintiff did not unconditionally accept the tender before its withdrawal *(see,* 19 NY Jur 2d, Compromise, Accord and Release, § 7).

An award to the plaintiff can only be sustained on the theory of a constructive trust. If, as the dissenting memorandum indicates, the trial court awarded the plaintiff the sum of $5,850 based on this theory and found that the actual imposition of a trust and the rendering of an accounting by defendant were unnecessary, as superfluous, the trial court was in error. The plaintiff did not

concede that $5,850 was the full amount to which he is entitled and the financial testimony indicates that a complete accounting may show he is entitled to more. Moreover, if a constructive trust is found, the defendant should have the opportunity to account for any additional expenditures, which may reduce the amount owing to plaintiff.

In its decision denying plaintiff's request for the imposition of a constructive trust, the trial court failed to state the facts it deemed essential to its determination *(see,* CPLR 4213 [b]). Particularly, the court failed to state whether there was any express or implied promise by the defendant to the father relating to the conveyance of the farm and, if so, the nature of this promise *(see, Sharp v Kosmalski,* 40 NY2d 119; *Goldsmith v Goldsmith,* 145 NY 313).

Although we have the power to do so, we decline to make findings in this case since issues of credibility are involved *(see, Matter of Harris v Doley,* 22 AD2d 769; *Power v Falk,* 15 AD2d 216, 218; *see also, York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128, 134). "The selection of the method of disposition remains in the discretion of the appellate court." *(Victor Catering Co. v Nasca,* 8 AD2d 5, 9.)￼ In the exercise of that discretion, rather than hold the appeal, we reverse, since there is no basis in the record to support the judgment in the amount of $5,850 and it does not appear that the trial court adequately considered the question of a constructive trust. This will allow the trial court to make the proper adjudication based upon its findings of fact.

Accordingly, we remit the matter to the trial court for a new decision (and a new judgment entered thereon), stating the facts the court deems essential.

All concur, except Schnepp, J., who dissents and votes to hold the case and remit the matter for further proceedings, in accordance with the following memorandum.

Schnepp, J. (dissenting) I dissent. Although the trial court made no specific finding with relation to the elements necessary to impose a constructive trust it specifically found that plaintiff, along with each of his brothers, received from defendant a check for $5,850 "as his respective share of proceeds of sale in settlement of their father's estate". This check was dated July 1, 1981 and when presented for payment by plaintiff about 10 days later was dishonored and returned for insufficient funds. It was during this period that plaintiff made a written request for an accounting with which defendant refused to comply. The trial court, in its "Decision and Judgment" dated June 1, 1984, denied plaintiff's request that "defendant be appointed trustee of the prop-

erty and to render an accounting" and then granted judgment to plaintiff in the sum of $5,850 with interest from July 1, 1981. In my view, implicit from the record is the finding by the court that the imposition of a constructive trust and the rendering of an accounting by defendant were unnecessary inasmuch as defendant, in tendering the check to plaintiff, duly accounted for the proceeds of the sale of their father's farm and any further accounting would be superfluous. There was ample evidence before the court from which it could find that the sum of $5,850 was the full amount of plaintiff's share of his father's estate. In this case the record is not insufficient as a matter of law to sustain the imposition of a constructive trust and is sufficiently complete to permit this court to affirm the trial court's judgment in favor of plaintiff (see, Matter of Milton v Dennis, 96 AD2d 628). In any event, in the absence of appropriate findings we should not reverse the judgment and finally determine the appeal but, instead, we should hold the case, reserve decision and remit the matter to Onondaga County Supreme Court for a formulation of findings of fact by the trial court deemed essential to its decision (see, Mastin v Village of Lima, 77 AD2d 786; Woodruff v Castaldo, 110 AD2d 1040). The majority does not vacate the judgment or reverse and remand for a new trial but remits, not for the taking of further evidence, but solely for a "new decision", ostensibly on the record proof before the court which is not an appropriate resolution of this appeal. (Appeals from judgment of Supreme Court, Onondaga County, McLaughlin, J.—constructive trust.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.