■ TRACEY ROAD EQUIPMENT, INC., Appellant, v VILLAGE OF JOHNSON CITY, Respondent. (Action No. 1.) INSURANCE COMPANY OF NORTH AMERICA, Appellant, v ST. PAUL FIRE & MARINE INSURANCE COMPANY et al., Respondents. (Action No. 2.) (And Another Related Action.)—Mikoll, J. Appeals (1) from an order and judgment (action No. 1) of the Supreme Court (Smyk, J.), entered March 5, 1990 in Broome County, which granted defendant's motion for summary judgment and declared that defendant was not required to defend or indemnify

plaintiff in a pending action against the parties, and (2) from an order and judgment (action No. 2) of said court, entered March 5, 1990 in Broome County, which denied plaintiff's motion for summary judgment and declared that defendant St. Paul Fire & Marine Insurance Company was not a coinsurer in an action pending against plaintiff and defendant in action No. 1.

Rose Jordan was injured in an auto accident involving the vehicle she was riding in and a street sweeper machine leased by the Village of Johnson City from Tracey Road Equipment, Inc. and operated by a Johnson City employee. Insurance Company of North America (hereinafter INA) was the insurer for Johnson City and St. Paul Fire & Marine Insurance Company was the insurer for Tracey Road.

Jordan commenced two suits for personal injuries, one against Tracey Road and the other against Johnson City. These were joined in one action not involved herein. Thereafter Tracey Road sought in action No. 1 a declaratory judgment that Johnson City be required to defend, insure or indemnify Tracey Road in the action brought by Jordan against Tracey Road and Johnson City. INA commenced action No. 2 seeking, *inter alia,* a declaratory judgment declaring that St. Paul was coinsurer with INA of Johnson City with respect to the action initiated by Jordan.

Johnson City and INA each moved for summary judgment in their respective actions. Supreme Court granted Johnson City's summary judgment motion and declared that it was not obligated to defend, indemnify or insure Tracey Road. Supreme Court also granted summary judgment to St. Paul declaring that St. Paul is not a coinsurer in regard to the Jordan litigation. These appeals by Tracey Road and INA ensued.

As to action No. 1, it is Tracey Road's contention that the leasing agreement was ambiguous, that a question of fact existed as to what was intended by it regarding insurance coverage on the street sweeper involved in the accident with Jordan and that summary judgment was improperly granted to Johnson City. Paragraphs 2 and 3 of the lease agreement in question provide that:

"2. [Johnson City] will assume responsibility for all repair costs resulting from damage due to fire, windstorm, flood, and rising water, lighting, theft and pilferage, vandalism, accidents and operator's negligence. * * *

"3. [Johnson City] will pay all wages of operators and

mechanics employed to operate and maintain the equipment and all workmen's *[sic]* compensation, benefits, insurance, etc."

We recently noted in *Hudson-Port Ewen Assocs. v Chien Kuo* (165 AD2d 301, 303) that "[s]ummary judgment is not limited to those cases where the contract is free from ambiguity and not subject to differing interpretations" and "the existence of an ambiguity will not preclude summary judgment unless resolution of that ambiguity depends upon extrinsic evidence" *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169). In order to defeat a summary judgment motion, a triable issue of fact must be raised by evidentiary proof. The Court of Appeals has stated that "[t]here is a 'heavy presumption that a deliberately prepared and executed written instrument manifest[s] the true intention of the parties' * * * and a correspondingly high order of evidence is required to overcome that presumption" *(Chimart Assocs. v Paul,* 66 NY2d 570, 574, quoting *Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219). Uncommunicated subjective intent is insufficient to raise a question of fact *(Hudson-Port Ewen Assocs. v Chien Kuo, supra).*

In support of its position, Tracey Road offered the affidavit of Gerald Tracey, its president, which stated that "the parties intended that the Village would be responsible for the entire operation of the street sweeper, including obtaining insurance covering the sweeper itself and those claims which could arise from its operation". Nowhere does Tracey affirm that this intention was communicated by either or both parties to the other. Since Tracey has failed to show the existence of extrinsic evidence of intent, we must glean the intent of the parties from the four corners of the contract.

The logical import of paragraph 3 of the lease agreement is that Johnson City would pay for workers' compensation insurance. The use of the phrase "insurance" was modified by the term "workmen's" *(sic)*. It is fair to conclude that general liability insurance against damages caused by the sweeper's operation was not intended to be provided to Tracey Road by the lease. Supreme Court was therefore correct in finding that Johnson City was not required to provide liability insurance for Tracey Road and to indemnify and to offer a defense to Tracey Road in the Jordan action.

With respect to action No. 2 and the issue of whether INA and St. Paul were coinsurers in the Jordan action pending against Tracey Road and Johnson City, we note that Tracey Road was required, pursuant to Vehicle and Traffic Law § 312,

to provide liability insurance for any vehicle owned by it while used on a public road. Under the liability insurance contract issued to Tracey Road by St. Paul, "autos covered" included "cars, trucks, trailers and other land vehicles designed for use on public roads". A street sweeper falls into the category of "other land vehicles". Although the sweeper was not listed on the list of autos covered by the contract, the contract extended automatic coverage for newly acquired autos after the agreement began. St. Paul has not denied that the sweeper was covered under the liability insurance contract issued to Tracey Road. Under the St. Paul policy, where two insurers insure the same item, each will be held liable for one half of the insurance moneys paid. The sweeper was not considered mobile equipment in its policy.

Johnson City also carried liability insurance for its vehicles. Under its contract with INA, a street sweeper was designated "mobile equipment" and was covered under Johnson City's comprehensive general liability policy with INA. The contract provided that where another policy provided the same liability protection and required the companies to pay equal shares, INA would pay an "equal contributions" fraction.

Here, the record discloses that the sweeper was insured both under INA's and St. Paul's insurance contracts. Having provided concurrent coverage, St. Paul and INA were coinsurers *(see, Federal Ins. Co. v Commercial Union Ins. Co.,* 126 AD2d 892, *lv denied* 69 NY2d 610). Supreme Court therefore improperly determined that St. Paul was not a coinsurer in the Jordan action and should have granted INA's motion for summary judgment declaring that it and St. Paul were coinsurers. Furthermore, INA's motion for summary judgment declaring that St. Paul was required to pay one half of the costs of defending Johnson City in the Jordan action and to pay one half of any required indemnification should also have been granted.

Mahoney, P. J., Casey, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order and judgment in action No. 1 are affirmed, without costs. Ordered that the order and judgment in action No. 2 are reversed, on the law, without costs, and it is declared (1) that Insurance Company of North America and St. Paul Fire & Marine Insurance Company are coinsurers of the Village of Johnson City in connection with the action of Rose Jordan against the Village of Johnson City and Tracey Road Equipment, Inc. and (2) that St. Paul Fire & Marine Insurance Company is obligated to pay one half of the costs of defending the Village of Johnson City in the Rose

Jordan action as well as one half of any required indemnification costs.