■ KIRBY's GRILL, INC., Appellant, v WESTVALE PLAZA et al., Respondents. [708 NYS2d 654] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff commenced this action seeking declaratory and injunctive relief in connection with its rights to use certain areas and facilities that allegedly fall within the definition of

"common areas and common facilities" in its lease with defendant Westvale Plaza. Following a bench trial, Supreme Court dismissed the complaint. The court concluded that the definition of "common areas and common facilities" is unambiguous and excludes the areas and facilities alleged in the complaint. The court struck, as barred by the parol evidence rule, the extrinsic evidence offered to explain the intentions of plaintiff and Westvale Plaza with respect to the definition of "common areas and common facilities" in the lease.

Whether an agreement is ambiguous is a question of law to be resolved by the court (see, W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162). Contrary to the trial court's conclusion, we conclude as a matter of law that the definition of "common areas and common facilities" in the lease is ambiguous, and thus the trier of fact must determine, with the aid of extrinsic evidence, whether the areas and facilities alleged in the complaint are encompassed by that definition (see, Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172; Stage Club Corp. v West Realty Co., 212 AD2d 458, 459). The court made no findings of fact with respect to this issue because it erroneously concluded as a matter of law that the areas and facilities alleged in the complaint are excluded from that definition (see, Broughton v Dona, 101 AD2d 897, 898, appeal dismissed 63 NY2d 769). Although the record is complete and thus a new trial is not warranted, we decline to exercise our power to review the record and make our own findings because the evidence presented at trial raises issues of credibility (see, Matter of Sents v Boysen, 210 AD2d 896; Hayden v Walters, 112 AD2d 43, 44). Instead, we reverse the order and remit the matter to Supreme Court for findings of fact and determination of the merits in light of those findings (see, Woodruff v Castaldo, 110 AD2d 1040; Mastin v Village of Lima, 77 AD2d 786, 787). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Dismiss Pleading.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.