T.L.C. West, LLC, Doing Business as Applebee's Neighborhood Grill & Bar, Appellant-Respondent, v Fashion Outlets of Niagara, LLC, Respondent-Appellant. [875 NYS2d 367]—

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered January 14, 2008. The order, among other things, denied plaintiff's cross motion for summary judgment.

It is hereby ordered that the order so appealed from is modified on the law by granting the cross motion, granting judgment in favor of plaintiff and against defendant on the first cause of action, vacating the second ordering paragraph and dismissing the counterclaim and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the follow-

ing memorandum: Plaintiff and defendant are the respective successor lessee and successor lessor under a ground lease for a restaurant at a shopping mall. The term of the lease commenced in April 1994. In June 2006, defendant notified plaintiff that it was in arrears for waste removal services since the inception of the lease and demanded payment for waste removal services through July 2006. Plaintiff began making monthly payments directly to the trash hauler for waste removal services "under protest" and thereafter commenced this action seeking, inter alia, a determination that defendant is responsible for all past and future waste removal services and a money judgment for all payments made by plaintiff for those services. Defendant counterclaimed for the arrears allegedly due for waste removal services.

Defendant moved for summary judgment dismissing the complaint and for summary judgment on the counterclaim, and plaintiff cross-moved for summary judgment on the first cause of action, seeking a determination that defendant is responsible for the payment of waste removal services and a money judgment for the amount paid by plaintiff for those services under protest. Plaintiff also sought summary judgment dismissing the counterclaim. Each party contended that the lease unambiguously supported its interpretation of the parties' respective rights and duties concerning waste removal services. We agree with plaintiff that Supreme Court erred in denying its cross motion seeking summary judgment on the first cause of action and summary judgment dismissing the counterclaim.

At issue is paragraph 9 of the lease, which provides in relevant part that "[t]he utilities and services furnished to the Demised Premises shall be provided and paid for by the Lessee . . . , including without limitation, gas, electricity, water and cost of maintenance of and repair of water meter, sewer charges and rental." Plaintiff also relies on paragraph 22 of the lease, pursuant to which defendant is responsible for all common area maintenance. We conclude that those paragraphs are ambiguous inasmuch as they are "reasonably susceptible of more than one interpretation" with respect to whether plaintiff is responsible for waste removal services (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). Because neither party met its "burden of establishing that its construction of the [lease] 'is the only construction which can fairly be placed thereon' " (*St. Mary v Paul Smith's Coll. of Arts & Sciences*, 247 AD2d 859, 859 [1998]), the intent of the contracting parties may properly be determined based on the extrinsic evidence submitted by the parties (*see Kirby's Grill v Westvale Plaza*, 272 AD2d 978 [2000]).

Here, all of the extrinsic evidence contained in the record weighs in favor of plaintiff's interpretation of the lease. In support of its cross motion, plaintiff submitted the affidavit of its chief executive officer (CEO), who signed the lease as president of the original lessee and averred that the "understanding, agreement, intent and actual practice" of the parties was that "waste and trash removal were part of the common area maintenance for which the [l]essor was responsible and any costs relating thereto were . . . included in the base rent being paid by [the l]essee." Plaintiff also submitted the affidavit of the then vice-president of the original lessor, who negotiated and signed the lease. He averred that the intent and practice of the parties was that the lessor "was to and did provide a trash receptacle located within the common area for use by [the original lessee], at no additional charge, with such waste and trash removal being part of the common area maintenance for which the [l]essor was responsible." Plaintiff's CEO likewise further averred that, until defendant's June 2006 notification, plaintiff and the neighboring tenants deposited their waste in a common area waste receptacle maintained and paid for by defendant. Defendant does not controvert those statements concerning plaintiff's use of the waste receptacle in the common area at no cost to plaintiff. Indeed, that factual history is confirmed by a November 2006 memorandum to all tenants from defendant's general manager, who stated therein that "solid waste trash removal services **will no longer** be part of Common Area Maintenance."

"[T]here could be no more compelling evidence of intent than the sworn . . . affidavits of both parties to the contract" (*Federal Ins. Co. v Americas Ins. Co.*, 258 AD2d 39, 44 [1999]). Further, "[t]he best evidence of the intent of parties to a contract is their conduct after the contract is formed" (*Waverly Corp. v City of New York*, 48 AD3d 261, 265 [2008]; see·*Westfield Family Physicians, P.C. v HealthNow N.Y., Inc.*, 59 AD3d 1014, 1016 [2009]; *Federal Ins. Co.*, 258 AD2d at 44). Here, the affidavits of both signatories to the lease and the 12-year course of conduct of both the original and the successor lessees and lessors unequivocally support plaintiff's interpretation of the lease. Plaintiff is therefore entitled to the relief sought in its cross motion (*see generally Waverly Corp.*, 48 AD3d at 265; *Federal Ins. Co.*, 258 AD2d at 44-45; *Weiner v Anesthesia Assoc. of W. Suffolk*, 203 AD2d 454 [1994]). We thus modify the order accordingly, and we remit the matter to Supreme Court to determine the amount paid by plaintiff for waste removal services under protest and to direct the entry of judgment in favor of plaintiff for that amount together with interest, costs and disbursements.

The dissent erroneously concludes that the affidavit of

defendant's general manager, who previously was a "specialty leasing agent" employed by the original lessor (hereafter, general manager), raises a triable issue of fact. The general manager was not employed by the original lessor until 1996, and the subject lease was executed in 1994. Thus, the general manager has no knowledge of the facts surrounding the execution of the lease, and can offer no evidence of " 'the true intention of the parties' " to the lease (*Chimart Assoc. v Paul*, 66 NY2d 570, 574 [1986]; *see Hudson-Port Ewen Assoc. v Chien Kuo*, 165 AD2d 301, 305 [1991], *affd* 78 NY2d 944 [1991]; *Tracey Rd. Equip. v Village of Johnson City*, 174 AD2d 849, 851 [1991]; *cf. Newin Corp. v Hartford Acc. & Indem. Co.*, 62 NY2d 916, 918-919 [1984]). In any event, we cannot agree with the conclusion of the dissent that the affidavit of defendant's general manager contradicts the evidence submitted by plaintiff concerning the parties' practice with respect to trash removal. In fact, that affidavit confirms that plaintiff had been disposing of its waste in the common area waste receptacle from the inception of the lease until 2006.

All concur except Martoche and Fahey, JJ., who dissent in part and vote to affirm in the following memorandum.

Martoche and Fahey, JJ. (dissenting in part). We respectfully dissent in part and would affirm. In our view, Supreme Court properly denied defendant's motion for, inter alia, summary judgment dismissing the complaint as well as plaintiff's cross motion for summary judgment on the first cause of action and for summary judgment dismissing the counterclaim. We agree with the majority that the provisions of the lease in question are ambiguous and that neither party established that its construction of those provisions " 'is the only construction which can fairly be placed thereon' " (*St. Mary v Paul Smith's Coll. of Arts & Sciences*, 247 AD2d 859, 859 [1998]; *see also Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). Although we of course further agree with the majority that the intent of the contracting parties thus may properly be determined based on the extrinsic evidence submitted by the parties, we cannot agree with the majority that "there is no disputed extrinsic evidence of intention" (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 293 [1973]), i.e., that "all of the extrinsic evidence contained in the record weighs in favor of plaintiff's interpretation of the lease." Rather, in our view, the interpretation of the provisions in question "depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence," and such interpretation thus is for the trier of fact (*Hartford Acc. & Indem. Co. v*

*Wesolowski*, 33 NY2d 169, 172 [1973]; *see Town of Wilson v Town of Newfane*, 181 AD2d 1045 [1992]). We deem misplaced the majority's reliance on the affidavit of the then vice-president of the original lessor submitted by plaintiff in support of the cross motion. In support of its motion for, inter alia, summary judgment dismissing the complaint, defendant submitted the affidavit of its general manager, who was employed by defendant's predecessor in various capacities beginning in 1996. Her affidavit contradicts the affidavit submitted in support of plaintiff's motion with respect to the practices of the tenants concerning trash removal at the mall. Under the circumstances, the intent of the parties cannot be gleaned from the contract and there is a factual dispute with respect to the practices of the parties, thus precluding summary judgment. Present—Hurlbutt, J.P., Martoche, Fahey, Pine and Gorski, JJ.