■ DOROTHY L. SEXTON, Respondent, v WILDA KIMBALL RESINGER, Appellant. [894 NYS2d 640]—

Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered April 29, 2009 in a personal injury action. The order denied defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on snow and ice in a parking area located in front of a post office. Defendant owned the property on which the post office and the parking area were located, and she had leased the property to the United States Postal Service (USPS) and its predecessor since 1971. We conclude that Supreme Court erred in denying the motion of defendant seeking summary judgment dismissing the complaint. Defendant met her initial burden by establishing that she was an out-of-possession landlord who had relinquished control of the premises to USPS (*see Lomedico v Cassillo*, 56 AD3d 1271, 1272 [2008]). In support of the motion, defendant submitted evidence establishing that USPS created the parking area where plaintiff fell and had erected a sign restricting the parking area to post office patrons, without the knowledge or input of defendant. In doing so, USPS acted pursuant to a provision in the lease agreement that permitted it to make alterations and erect additions on the property and that further provided that such improvements "shall be and remain the property of [USPS]." There is no provision in the lease agreement that obligates defendant to maintain or repair the parking area (*see Sanchez v Barnes & Noble, Inc.*, 59 AD3d 698, 699 [2009]; *Yadegar v International Food Mkt.*, 37 AD3d 595 [2007]), nor is there any evidence that she assumed such a responsibility by her conduct (*see Gelardo v ASMA Realty Corp.*, 137 AD2d 787, 788 [1988]).

Plaintiff failed to raise a triable issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). While we agree with plaintiff that the description of the leased property as including a "Parking and Maneuvering" area of 1,805 square feet is ambiguous, we nevertheless conclude that the terms of the lease as a whole unambiguously grant USPS possession and control of the building and all ap-

purtenances comprising the post office, including the parking area at issue (*see Benderson v Wiper Check*, 266 AD2d 903, 904 [1999], *lv denied* 95 NY2d 819 [2000]; *Reltron Corp. v Voxakis Enters.*, 57 AD2d 134, 139 [1977]). Even assuming, arguendo, that the lease is ambiguous, we would nonetheless conclude that defendant is entitled to summary judgment because "all of the extrinsic evidence contained in the record weighs in favor of [defendant]'s interpretation of the lease" (*T.L.C. W., LLC v Fashion Outlets of Niagara, LLC*, 60 AD3d 1422, 1424 [2009]). Although plaintiff contends that USPS "could reasonably disagree" with defendant's interpretation of the lease, plaintiff failed to submit any affidavits or other evidentiary proof in admissible form to support that contention, and plaintiff's " 'mere hope' " that such evidence exists is insufficient to raise a triable issue of fact (*J.K. Tobin Constr. Co., Inc. v David J. Hardy Constr. Co., Inc.*, 64 AD3d 1206, 1208 [2009]). Present—Centra, J.P., Peradotto, Lindley, Pine and Gorski, JJ.