# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**582**

**CA 10-02338**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

VICKI JEWETT AND JOHN JEWETT,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                                MEMORANDUM AND ORDER

M.D. FRITZ, INC., DOING BUSINESS AS THE
BURGUNDY ROOM RESTAURANT & LOUNGE,
DEFENDANT-APPELLANT-RESPONDENT,
BARZMAN, KASIMOV & VIETH, D.D.S., P.C.,
B.K.V. REALTY CO., LLC, DEFENDANTS-RESPONDENTS,
AND R.M.F. HOLDING CORPORATION,
DEFENDANT-APPELLANT.

---

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

LAW OFFICES OF TAYLOR & SANTACROSE, BUFFALO (DESTIN C. SANTACROSE OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.

SUGARMAN LAW FIRM, LLP, BUFFALO (PATRICK J. MCCARTHY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeals and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 2, 2010 in a personal injury action. The order denied the cross motion of defendant M.D. Fritz, Inc., doing business as The Burgundy Room Restaurant & Lounge, and the motion and cross motion of R.M.F. Holding Corporation for summary judgment and granted the motion of defendants Barzman, Kasimov & Vieth, D.D.S., P.C., and B.K.V. Realty Co., LLC for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Vicki Jewett (plaintiff) when she slipped and fell on ice in the parking lot of a plaza owned by defendant B.K.V. Realty Co., LLC (BKV Realty). Defendant Barzman, Kasimov & Vieth, D.D.S., P.C. (BKV Dentistry) was the commercial tenant of the plaza. The plaza's parking lot is bordered on one side by a restaurant that is owned by defendant R.M.F. Holding Corporation (RMF Holding) and

leased by defendant M.D. Fritz, Inc., doing business as The Burgundy Room Restaurant & Lounge (Burgundy Room). According to plaintiffs, the parking lot where plaintiff fell was negligently maintained, and defendants created the dangerous condition. Plaintiffs further alleged that RMF Holding and the Burgundy Room had actual or constructive notice of a dangerous or defective condition inasmuch as they permitted water to drain by artificial means, i.e., a downspout attached to the side of the Burgundy Room, into the plaza's parking lot and the water subsequently froze to form an icy condition in the parking lot.

Supreme Court denied RMF Holding's motion for summary judgment on its cross claim against the Burgundy Room and for summary judgment dismissing the complaint against it, as well as its cross motion for summary judgment dismissing the complaint and all cross claims against it, denied the Burgundy Room's cross motion for summary judgment dismissing the complaint and all cross claims against it and granted the motion of BKV Realty and BKV Dentistry for summary judgment dismissing the complaint and all cross claims against them. We affirm.

We reject the contention of RMF Holding on its appeal that the court erred in denying its motion with respect to its cross claim against the Burgundy Room inasmuch as there is a triable issue of fact with respect to the scope of the lease between RMF Holding and the Burgundy Room, i.e., whether it was the intent of the parties to include as part of the leased premises the downspout in question. Reading the lease and the rider to the lease together, we conclude there is an ambiguity with respect to the scope of the Burgundy Room's duty to indemnify RMF Holding that should be determined by the trier of fact (*see Kirby's Grill v Westvale Plaza*, 272 AD2d 978). We further conclude that there is a triable issue of fact whether RMF Holding retained control of the roof, exterior walls and structural walls of the premises, and thus may be liable as an out-of-possession landlord (*see Young v Moran Props.*, 259 AD2d 1037).

We reject the contentions of RMF Holding and the Burgundy Room on their appeals that the court erred in denying those parts of their motion and cross motions for summary judgment dismissing the complaint and all cross claims against them. Although those defendants demonstrated that plaintiff could not identify what specifically caused her to fall, they are unable to establish their entitlement to judgment as a matter of law by noting the gaps in plaintiffs' proof (*see Atkins v United Ref. Holdings, Inc*., 71 AD3d 1459). Finally, we reject plaintiffs' contention on their cross appeal that the court erred in granting the motion of BKV Dentistry and BKV Realty for summary judgment dismissing the complaint and all cross claims against them. Those defendants met their initial burden of establishing that they did not have actual or constructive knowledge of the icy condition allegedly created by the downspout (*see Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857), and plaintiffs failed to raise a triable issue of fact in opposition (*see generally*

*Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  April 29, 2011                                    Patricia L. Morgan
                                                           Clerk of the Court