# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**994**

**CA 13-00061**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

VINCENT MAISANO, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MCDONALD'S CORPORATION, DOING BUSINESS AS
MCDONALD'S RESTAURANT, DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.

---

ANDREWS, BERNSTEIN & MARANTO, LLP, BUFFALO (KENNETH A. SZYSZKOWSKI OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF BRADY & CARAFA, LIVERPOOL (JAMES C. BRADY OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered March 21, 2012 in a personal injury action. The order, inter alia, granted that part of the motion of defendants for summary judgment dismissing the complaint with respect to defendant McDonald's Corporation, doing business as McDonald's Restaurant.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by dismissing the second amended complaint against defendant McDonald's Corporation, doing business as McDonald's Restaurant, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he slipped and fell on snow and ice on the sidewalk at a McDonald's franchise in Buffalo, New York. After plaintiff filed a complaint, an amended complaint, and a second amended complaint, defendants moved for summary judgment dismissing the complaint. The order, inter alia, granted that part of the motion with respect to defendant McDonald's Corporation, doing business as McDonald's Restaurant (McDonald's), and dismissed the complaint and amended complaint against it.

Contrary to plaintiff's contention, McDonald's met its initial burden of establishing its entitlement to judgment as a matter of law, and plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). McDonald's submitted evidence demonstrating that it, as a franchisor, lacked day-to-day control over the franchisee (*see Martinez v Higher Powered Pizza, Inc.*, 43 AD3d 670, 671-672), and that it was an out-of-possession landlord who did not retain control over the premises and was not

contractually obligated to repair or maintain the premises (*see Sexton v Resinger*, 70 AD3d 1360, 1361; *Dalzell v McDonald's Corp.*, 220 AD2d 638, 639, *lv denied* 88 NY2d 815).  Thus, Supreme Court properly granted the motion with respect to McDonald's.  We note, however, that the court failed to dismiss plaintiff's second amended complaint, and we therefore modify the order accordingly.

Entered:  October 4, 2013                        Frances E. Cafarell
                                                 Clerk of the Court