Ames v County of Monroe (2018 NY Slip Op 04886)





Ames v County of Monroe


2018 NY Slip Op 04886


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


736 CA 17-02070

[*1]ROBERTA AMES, JOSEPHINE BASILIO, RANDALL BASTIAN, BARBARA BORDEAUX, LOUIS CONTE, DORIS DIOGUARDI, JUDY DONEVAN, SUSAN FARRELL, ROBERT HAAK, GAIL HATZ, KATHLEEN HONAN, MARILYN HOROWITZ, SUSAN HOUSMAN, ROBERT HUSSEY, JOYCE KNOPE, MONICA LEWANDOWSKI, PHILIP MANCINI, ADRIENNE MARASCO, PETER NOTO, DENISE PAGE, JOYCE ANN RIVERS, BARBARA SPINKS, CLAIRE VITELLO, DONNA WESTPHAL, DOROTHY WILMER, SUZANNE WOOD, CHARLES YACONO AND CRISTAL ZAFUTO, ON BEHALF OF THEMSELVES AND CERTAIN OTHER RETIRED EMPLOYEES OF COUNTY OF MONROE, FORMERLY IN THE CSEA BARGAINING UNIT, PLAINTIFFS-APPELLANTS,
v
COUNTY OF MONROE AND HON. CHERYL M. DINOLFO, AS COUNTY EXECUTIVE OF COUNTY OF MONROE, DEFENDANTS-RESPONDENTS. (ACTION NO. 1.) 
NORRIS VAGG, JR. AND KAREN VAGG, PLAINTIFFS-APPELLANTS,COUNTY OF MONROE, DEFENDANT-RESPONDENT. (ACTION NO. 2.)






DAREN J. RYLEWICZ, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., ALBANY (JENNIFER C. ZEGARELLI OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
HARRIS BEACH PLLC, PITTSFORD (KARLEE S. BOLANOS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered January 13, 2017. The judgment, among other things, granted defendants' motions for summary judgment dismissing the complaints in both actions. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reinstating the complaints insofar as they sought a declaration and granting judgment in favor of defendants as follows:
It is ADJUDGED AND DECLARED that, although the collective bargaining agreements in effect at the time of plaintiffs' retirement are binding and enforceable agreements that dictate plaintiffs' rights, the collective bargaining agreements do not require defendant County of Monroe to maintain for each plaintiff fully-paid health insurance coverage equivalent to that in effect at the time such plaintiff retired,
and as modified the judgment is affirmed without costs.
Memorandum: Plaintiffs commenced separate actions that were thereafter consolidated seeking, inter alia, a declaration that the applicable collective bargaining agreements (CBAs) require defendant County of Monroe (County) "to maintain fully-paid health insurance coverage equivalent to that in effect at the time each plaintiff-retiree retired" and that the County has breached those CBAs by failing to do so. After defendants moved to dismiss the complaints under CPLR 3211 (a), Supreme Court, upon notice to the parties, converted the motions into motions for summary judgment, and plaintiffs in action No. 1 thereafter cross-moved for summary judgment on the complaint in that action. Although the court properly determined that defendants are entitled to summary judgment, the court erred in dismissing the complaints in their entirety and in failing to declare the rights of the parties. We therefore modify the judgment by reinstating the complaints insofar as they sought a declaration and making the requisite declaration (see generally Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
Even assuming, arguendo, that plaintiffs did not waive their right to challenge the scope and coverage of the County's insurance plan, we agree with defendants that the relevant CBAs do not require the County to maintain for each plaintiff fully-paid health insurance coverage equivalent to that in effect at the time such plaintiff retired. It is well settled that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Generally, the determination "[w]hether a contract is ambiguous is a question of law[,] and extrinsic evidence may not be considered unless the document itself is ambiguous" (South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 278 [2005], citing Greenfield, 98 NY2d at 569). "A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (Greenfield, 98 NY2d at 569). Thus, where "contract language is reasonably susceptible of more than one interpretation, . . . extrinsic or parol evidence may be then permitted to determine the parties' intent as to the meaning of that language" (Non-Instruction Adm'rs & Supervisors Retirees Assn. v School Dist. of City of Niagara Falls, 118 AD3d 1280, 1282 [4th Dept 2014] [internal quotation marks omitted]).
We agree with defendants that the CBAs at issue are ambiguous with respect to whether retirees who are eligible for or enrolled in Medicare are entitled to fully-paid health insurance coverage equivalent to that in effect at the time those individuals retired. The various CBAs at issue provide "retirees" with certain health insurance benefits, but do not define "retirees." Plaintiffs interpret that to mean all retirees, even those who are eligible for or enrolled in Medicare. That interpretation is supported by other provisions of the CBAs, such as one that provides such benefits to spouses of deceased retirees "for the lifetime of the surviving spouse or until remarriage" (emphasis added). Defendants contend that the CBAs do not provide for health insurance for those retirees eligible for or enrolled in Medicare because of the realities of Medicare; the CBAs' prohibition of duplicate coverage; and the fact that the specific insurance plans in effect at the time of the individual plaintiffs' retirement were not available to individuals who were eligible for Medicare.
Inasmuch as the contract language is reasonably susceptible of more than one interpretation, we conclude that the CBAs are ambiguous with respect to whether retirees who are eligible for or enrolled in Medicare are entitled to fully-paid health insurance coverage that is equivalent to the insurance coverage in effect at the time they retired. Thus, we turn to extrinsic evidence to determine the parties' intent with respect to the health insurance coverage to be provided to those retirees who are eligible for or enrolled in Medicare. Where, as here, "a contract is ambiguous, its interpretation remains the exclusive function of the court unless determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence' " (Town of Eden v American Ref-Fuel Co. of Niagara, 284 AD2d 85, 88 [4th Dept 2001], lv denied 97 NY2d 603 [2001], quoting Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172 [1973]). We agree with defendants that the interpretation of the CBAs remains the exclusive function of the courts inasmuch as resolution of the issue does not depend on the credibility of the extrinsic evidence and there is only one reasonable inference to be drawn from the extrinsic evidence.
As the court recognized, " [t]here is no surer way to find out what parties meant, than to see what they have done' " (Town of Pelham v City of Mount Vernon, 304 NY 15, 23 [1952], [*2]rearg denied 304 NY 594 [1952]). For decades, defendants provided retirees who were not yet eligible for Medicare with health insurance benefits, but provided retirees enrolled in Medicare with only Medicare supplement plans. No objection was made and, until recently, the union representing plaintiffs never sought to negotiate any additional benefits for retirees eligible for or enrolled in Medicare. Inasmuch as " [t]he best evidence of the intent of parties to a contract is their conduct after the contract is formed' " (T.L.C. W., LLC v Fashion Outlets of Niagara, LLC, 60 AD3d 1422, 1424 [4th Dept 2009]), we conclude that defendants established as a matter of law that defendants and the union formerly representing plaintiffs did not intend that defendants be required to maintain fully-paid health insurance coverage equivalent to that in effect at the time of retirement for those retirees who were eligible for or enrolled in Medicare. Plaintiffs did not submit evidentiary facts or materials to rebut defendants' evidence and thus failed to raise a triable issue of fact concerning the parties' intent (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court