Jargiello v Ayer Dev., LLC (2021 NY Slip Op 04828)





Jargiello v Ayer Dev., LLC


2021 NY Slip Op 04828


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


459 CA 20-00085

[*1]DINAH LEE JARGIELLO, PLAINTIFF-RESPONDENT,
v
AYER DEVELOPMENT, LLC, DENNIS AYER, BONITA AYER, DEFENDANTS-RESPONDENTS-APPELLANTS, EVENSONG MANAGEMENT, INC., DEFENDANT-RESPONDENT, THE ESTATE OF NATHAN BENDERSON, DECEASED, AND BENDERSON DEVELOPMENT COMPANY, LLC, DEFENDANTS-APPELLANTS. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (THOMAS A. DIGATI OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CHRISTOPHER R. BITAR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 
NASH CONNORS, P.C., BUFFALO (PHILIP M. GULISANO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeals from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered January 3, 2020. The order, among other things, denied the cross motion of defendants Estate of Nathan Benderson and Benderson Development Company, LLC for summary judgment dismissing the amended complaint and all cross claims against them, and denied that part of the motion of defendants Ayer Development, LLC, Dennis Ayer and Bonita Ayer for an order compelling defendant Evensong Management, Inc. to indemnify defendant Ayer Development, LLC. 
It is hereby ORDERED that said appeal by defendants the Estate of Nathan Benderson and Benderson Development Company, LLC from the order insofar as it granted those parts of the motion of defendants Ayer Development, LLC, Dennis Ayer, and Bonita Ayer and the cross motion of defendant Evensong Management, Inc. seeking summary judgment dismissing the amended complaint against them is unanimously dismissed, and the order is modified on the law by denying that part of the motion of defendants Ayer Development, LLC, Dennis Ayer and Bonita Ayer seeking summary judgment dismissing the cross claim of defendants the Estate of Nathan Benderson and Benderson Development Company, LLC against defendant Ayer Development, LLC and reinstating that cross claim against that defendant, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she tripped and fell on a defect in the pavement in the alley between 46 Main Street and 52 Main Street in the Town of Hamburg. Defendants the Estate of Nathan Benderson and Benderson Development Company, LLC (collectively, Benderson defendants) own 46 Main Street, and defendant Ayer Development, LLC (Ayer), which is owned by defendants Dennis Ayer and Bonita Ayer (collectively, Ayer defendants), owns 52 Main Street. Defendant Evensong Management Inc. (Evensong) leased the lower portion of 52 Main Street from Ayer for use as a restaurant, and Ayer maintained a group of apartments in the upper portion. At the time she fell, plaintiff was using the alley to visit a resident of one of the apartments at 52 Main Street.
The Benderson defendants and the Ayer defendants appeal from an order that granted that part of the Ayer defendants' motion seeking summary judgment dismissing the amended [*2]complaint and cross claims against them, denied that part of the Ayer defendants' motion seeking summary judgment on their cross claim against Evensong for the indemnification of Ayer, denied the Benderson defendants' cross motion seeking summary judgment dismissing the amended complaint against them, and granted Evensong's cross motion seeking summary judgment dismissing the amended complaint and all cross claims against it.
On their appeal, the Benderson defendants contend that Supreme Court erred in denying their cross motion, and in granting those parts of the motion of the Ayer defendants and the cross motion of Evensong seeking summary judgment dismissing the amended complaint and the Benderson defendants' cross claims against them. Although the Benderson defendants are aggrieved by the court denying their cross motion and granting those parts of the motion and cross motion of the other defendants seeking dismissal of the Benderson defendants' cross claims, the Benderson defendants are not aggrieved by the order insofar as it granted those parts of the Ayer defendants' motion and Evensong's cross motion seeking to dismiss plaintiff's amended complaint against them (see Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2d Dept 2010]; see generally Matter of Tariq S. v Ashlee B., 177 AD3d 1385, 1385 [4th Dept 2019]). We therefore dismiss the Benderson defendants' appeal from the order insofar as it granted those parts of the Ayer defendants' motion and Evensong's cross motion (see Tariq S., 177 AD3d at 1385). Further, by failing to raise the issue on appeal, the Benderson defendants abandoned any contention with respect to the order insofar as it granted those parts of the Ayer defendants' motion seeking to dismiss the Benderson's defendants' cross claim against Dennis Ayer and Bonita Ayer (see generally Abasciano v Dandrea, 83 AD3d 1542, 1545 [4th Dept 2011]).
We reject the Benderson defendants' further contention that the court erred in denying their cross motion for summary judgment dismissing the amended complaint against them. Contrary to their contention, the Benderson defendants failed to meet their initial burden of establishing that the defect in the pavement on which plaintiff allegedly tripped was trivial as a matter of law (see Jaques v Brez Props., LLC, 162 AD3d 1665, 1666 [4th Dept 2018]).
We agree with the Benderson defendants, however, that the court erred in granting that part of the motion of the Ayer defendants seeking summary judgment dismissing the Benderson defendants' cross claim against Ayer, and we therefore modify the order accordingly. Although the Ayer defendants met their initial burden on their motion by establishing that the defect in the pavement was located on a portion of the alley owned by the Benderson defendants, the Benderson defendants raised an issue of fact in opposition with respect to whether Ayer could nevertheless be found responsible for plaintiff's injury under application of the special use doctrine (see generally Kaufman v Silver, 90 NY2d 204, 207-209 [1997]). Specifically, the Benderson defendants' submissions established that the defect in the pavement was located close to the property line, that an entrance to Ayer's apartments was near the defect, and that fixtures attached to the building on Ayer's property encroached over the property line near the defect. Therefore, the Benderson defendants raised an issue of fact as to whether Ayer had the requisite "access to, and control of," the alley where plaintiff fell to give rise to a duty of care (id. at 208). The Benderson defendants' contention that Evensong also made special use of their property, or that Evensong's special use created the defect in the pavement, however, is not properly before us because it is raised for the first time on appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
With respect to the Ayer defendants' appeal, we reject their contention that the court erred in denying that part of their motion seeking summary judgment on their cross claim against Evensong for the indemnification of Ayer. Contrary to the Ayer defendants' contention, they failed to establish that the terms of Ayer's lease with Evensong rendered Evensong liable for the indemnification of Ayer (see generally Jewett v M.D. Fritz, Inc., 83 AD3d 1572, 1573 [4th Dept 2011]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court